Tom Roberson, court appointed, Houston, Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Chris A. Lorenzen, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

**Ex parte John L. HEBERT.**

**No. 58449.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 28, 1979.

Rehearing Denied May 2, 1979.

## OPINION

W. C. DAVIS, Judge.

Appeal is taken from an order denying release in a habeas corpus proceeding in which petitioner sought release on bail pending appeal from a felony conviction.

The record reflects that on August 23, 1977, petitioner was convicted of the offense of rape of a child. The jury assessed punishment at ten (10) years in the Texas Department of Corrections.

On April 7, 1978, a hearing was held on petitioner's writ of habeas corpus, after

---

which the trial court denied petitioner's request for bail pending appeal, pursuant to Article 44.04(c), Vernon's Ann.C.C.P.

Article 44.04(c), supra, provides:

"Pending appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant . . . is likely to commit another offense while on bail. . . ."

Petitioner now contends that the court abused its discretion in denying him bail, as the evidence is insufficient to give the court good cause to believe that he would commit another offense while on bail. We agree.

At the hearing, the State introduced evidence of petitioner's conviction and sentence. Then the State, without objection by petitioner, introduced into evidence State's Exhibit No. 2, which was a copy of the report of a psychiatrist who examined petitioner, dated some eight months previously.

In this report, the psychiatric diagnosis was that petitioner "could best be described as a paranoid personality disorder with many borderline schizophrenic symptoms." The State then introduced Exhibit No. 3, which was a lengthy interpretation of the results of the Minnesota Multiphasic Personality Inventory (MMPI) tests which had been administered to appellant. Attached to this interpretation of petitioner's test scores was a list of test questions, with the answers given by appellant indicated thereon. Also attached was an uninterpreted statistical chart of petitioner's raw test scores.

On the basis of State's Exhibit Nos. 2 and 3, the trial court stated:

". . . I am concerned about the psychiatric reports. They do cause me concern to the extent that I believe that there is a reason to believe that there is a probability of [petitioner] committing other offenses and, therefore, I am going to deny bail pending appeal."

1. · This rule of law is not without criticism. See *Hanna v. State, supra* (dissenting opinion).

Petitioner correctly contends that the psychiatric report and the report interpreting his test scores were hearsay, and without probative force, even though admitted without objection. *Hanna v. State,* 546 S.W.2d 318 (Tex.Cr.App.1977); *Cooper v. State,* 527 S.W.2d 563 (Tex.Cr.App.1975); *Lumpkin v. State,* 524 S.W.2d 302 (Tex.Cr. App.1975).[1] Since hearsay evidence, even admitted without objection, constitutes no evidence, we hold that the trial court abused its discretion in denying petitioner bail on this ground.

This case is remanded to the trial court, with an order for the court to either set bail for petitioner or to hold another hearing to determine whether good cause exists to deny bail on another ground.

It is so ordered.

However, it remains the rule of law in Texas, and therefore must be applied.