**Sherman Ramon McCRARY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57389.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 21, 1980.

Rehearing Denied Sept. 10, 1980.

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty. & Ronald D. Hinds, Kelly W. Loving and Mike E. Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for robbery. The jury found as "true" the two enhancement allegations contained in the indictment, and accordingly, punishment was assessed at life imprisonment.

This conviction must be reversed because there is no evidence to show that appellant's second previous felony conviction was for an offense committed after the first previous felony conviction became final. Appellant's fourth and fifth grounds of error are sustained.

The enhancement paragraphs of the indictment alleged two out-of-state prior convictions. It recited that prior to the commission of the primary offense, appellant had been on October 8, 1965, in the Superior Court of the State of California, San Bernadino County, in Cause No. CR–19128, convicted of a felony, to–wit: escape from a prison camp, which conviction was final. The third paragraph alleged that prior to the commission of each of the prior offenses, appellant was convicted on February 21, 1962, in the Superior Court of the

State of California, Los Angeles County, in Cause No. 252254, of a felony, to wit: robbery, and that this final conviction was for an offense committed by appellant prior to the commission and conviction alleged in the first and second paragraphs.

V.T.C.A. Penal Code, Sec. 12.42(d), provides:

·"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life." (Emphasis added)

Thus, V.T.C.A. Penal Code, Sec. 12.42(d) requires the State to prove that the accused's second previous felony conviction was committed after the first previous conviction became final. *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App. 1977); *Wiggins v. State,* 539 S.W.2d 142 (Tex.Cr.App. 1976). See also, Article 63, V.A.P.C. (1925) and *Tyra v. State,* 534 S.W.2d 695 (Tex.Cr.App. 1976); *Kessler v. State,* 514 S.W.2d 260 (Tex.Cr.App. 1974).

At trial, the State introduced the judgment and sentence for each of the two prior felony convictions alleged in the indictment. Appellant's conviction for the offense of robbery in Cause No. 252254 was final on February 21, 1962; therefore, this conviction was final prior to the commission of the primary offense which occurred on February 2, 1972. Appellant's conviction for escape in Cause No. CR–19128 was final on October 8, 1965; however, neither the judgment nor sentence in that cause reflects when this offense was *committed.*

In this regard, the State introduced into evidence before the jury State's Exhibit 9A, which was a narrative from a probation officer's report, filed with the records of conviction in that case. Exhibit 9A consisted of the following paragraph, submitted by Fred Speidel, a probation officer:

"*CIRCUMSTANCES SURROUNDING OFFENSE:*

According to information contained in the District Attorney's file, supplied by the Department of Corrections, Southern Conservation Center, Chino, California in a report signed by R. L. Eklund, Superintendent and dated November 12, 1964, the following represents a summary of the circumstances surrounding the offense. To quote:

At about 9:30 P.M. November 11, 1964 inmate McCrary was found to be missing from Conservation Camp Minnewawa. A thorough search of the Camp and surrounding area was made with negative results. There are indications that a possible reason for this escape was because of McCrary's pending transfer to a Northern institution for a psychiatric evaluation prior to his December Board appearance.

On July 24, 1965, the defendant was apprehended in Chicago by agents of the Federal Bureau of Investigation. The defendant was subsequently returned to California and on September 10, 1965, he appeared before the Courts and plead guilty to the charge of Escape from Prison Camp Without Force or Violence."

This narrative, admitted into evidence pursuant to Article 3731a, V.A.C.S., was contained within a packet of official documents, apparently a part of the file of the California Department of Corrections. These papers, which included a copy of the information, two probation officers' reports, an abstract of the judgment of conviction in the escape case, a statement by the convicting trial judge and prosecuting attorney to the Department of Corrections, a transcription of the court reporter's notes from the pronouncement of judgment and an exemplification certificate, were marked and identified as State's Exhibit 9. After appellant's objections to 9A were overruled, the trial court did grant appellant's request to exclude the rest of State's Exhibit 9 from the jury's consideration. Thus, only the above portion of the exhibit was admitted before the jury.

However, it appears from reading the narrative, that the probation officer's infor-

mation concerning the date of the escape offense was based upon information received from the Department of Corrections, which information was based upon information contained in the District Attorney's office file, placed there by unknown persons. Thus, we are confronted with the issue of whether this narrative, offered as proof of the date of the escape offense, has the necessary indicia of reliability.

In *Porter v. State*, 578 S.W.2d 742 (Tex. Cr.App. 1979), we reiterated that in some circumstances, evidence within the ambit of a recognized exception to the hearsay rule is not admissible "if it does not have the indicia of reliability sufficient to insure the integrity of the fact finding process commensurate with the constitutional rights of confrontation and cross–examination. *Chambers v. Mississippi*, [410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)]; *Barker v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Berger v. California*, [393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969)]; *McDaniel v. United States*, 343 F.2d 785 (5th Cir. 1965); *United States v. Limpscomb*, 435 F.2d 795 (5th Cir. 1970); *Phillips v. Neil*, 452 F.2d 337 (6th Cir. 1971)."

In *Porter v. State*, supra, we again recognized that evidence within the scope of the Business Records Act, Article 3737e, V.A.C.S., is not admissible if it does not have a sufficient indicia of reliability. See *Coulter v. State*, 494 S.W.2d 876 (Tex.Cr.App. 1973); *Battee v. State*, 543 S.W.2d 91 (Tex.Cr.App. 1976); *Sisson v. State*, 561 S.W.2d 197 (Tex. Cr.App. 1978). We stated:

> "The same rule is applicable to official records sought to be admitted under Article 3731a (V.A.C.S.). It must be determined in each instance whether the particular record is of such trustworthiness as to guarantee the same protection provided by the constitutional rights of confrontation and cross-examination. The particular record and its relationship to the particular case in which it is offered are a part of the circumstances to be considered in determining whether the record has the indispensable fundamental trustworthiness necessary for its admission into evidence. [citations omitted]" 578 S.W.2d at 746.

In *Porter*, we quoted with approval from *Texas Department of Public Safety v. Nesmith*, 559 S.W.2d 443 (Tex.Civ.App.–Corpus Christi, no writ):

> "Tex.Rev.Civ.Stat.Ann., Art. 3731a (Supp. 1977), which permits the introduction of official public records or certified copies thereof in evidence, is an exception to the hearsay rule. See 24 Tex.Jur.2d, Evidence, Sec. 578. However, the contents of such records, . . . are offered in evidence, are subject to the same rules of evidence respecting relevancy, competency, or materiality as any other evidence. *Smith v. Riviere*, 248 S.W.2d 526 (Tex. Civ.App.–Texarkana 1951,–no writ). Therefore, even though the official public records or certified copies thereof are admissible in evidence, that does not mean that ex parte statements, hearsay, conclusions and opinions contained therein are admissible. Furthermore, the admissibility of the records does not authorize the consideration of any hearsay based on hearsay, or of any conclusion therein which is not shown to have been made by an official or employer of the [governmental agency] who had personal knowledge of the facts upon which the conclusion is based. (citations omitted)"

In the instant case, the information in the report prepared by the probation officer regarding the date of appellant's escape was clearly hearsay based upon hearsay. As we stated in *Porter v. State*, supra, it defies reason to suggest that this probation report, merely because it was collected with other documents in a file in a governmental office, has the "indicia of reliability sufficient to insure the integrity of the fact–finding process commensurate with the constitutional rights of confrontation and cross–examination. (citations omitted)." Accordingly, we hold that the trial court should have sustained appellant's proper and timely objections to this evidence.

■ Since State's exhibit 9A was the only evidence offered before the jury to show the date of the commission of the escape offense,[1] and since hearsay evidence is without probative force, *Ex parte Herbert*, 579 S.W.2d 486 (Tex.Cr.App. 1979); *Hanna v. State*, 546 S.W.2d 318 (Tex.Cr. App. 1977); *Cooper v. State*, 527 S.W.2d 563 (Tex.Cr.App. 1975), we are compelled to conclude that the evidence is insufficient to show that the escape offense for which appellant was finally convicted was committed *after* the prior conviction for robbery became final. See *Hickman v. State*, supra, V.T.C.A. Penal Code, Sec. 12.42(d).

Although the error relates to punishment only, the jury, and not the trial court, assessed punishment. Therefore, we may not reform the sentence or remand for a new trial on punishment only. *Hickman v. State*, supra; *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App. 1976); *Wiggins v. State*, supra.

Accordingly, the judgment is reversed and the cause remanded for a new trial.

---

1. Although not mentioned by either party, we note that State Exhibit 9, which was *not* introduced into evidence before the jury, contains a copy of an information charging appellant with the offense of escape on a certain date. Why this was not admitted into evidence for the jury's consideration is unclear; we do note, however, that the indictment alleged that appellant was convicted of escape by *indictment*, not information. The record also reflects that State's Exhibit 7 contains what is apparently a summary of some unknown records, stating that appellant escaped from custody on a certain date. However, there is no showing that this resulted in the conviction alleged in the enhancement paragraph, and we must conclude that this document suffers from the same defect as the probation officer's report.