**Ronald Aubrey BURROUGHS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66530.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 4, 1981.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

█ This is an appeal from the trial court's order refusing to set bail for appellant pending an appeal to this Court on his conviction for burglary of a habitation. Timely notice of appeal was given. See *Ex parte Fowler*, 573 S.W.2d 241 (Tex.Cr.App.); Art. 44.04(g), V.A.C.C.P. Appellant has not filed a brief in this cause; however, we have reviewed the record so as to do substantial justice to the party appealing. See Art. 44.36, V.A.C.C.P.

█ At the hearing on the motion to set bail pending appeal appellant presented the following evidence. He was convicted for the burglary of a habitation and assessed punishment at five years' confinement. Sentence was pronounced on November 5, 1980 and notice of appeal was given. This sentence was assessed after the trial court reviewed a pre-sentence investigation made available by the Adult Probation Officer.

Appellant testified that he had not been previously convicted of a felony; that he was married; that he had lived all his life in Harris County; and that he had been educated and worked in Harris County. Further, he stated that he was living with his wife prior to his arrest and had been gainfully employed. He also stated that he and his wife had a child which they both supported.

The appellant also indicated that he would comply with the terms of any bail granted him. He testified that he could afford $5,000.00 bail.

The State offered no evidence except that it requested the court to take "judicial notice" of the pre-sentence report which was used in assessing appellant's punishment. The report was admitted into evidence over the vigorous objection of defense counsel. Counsel argued that the report contained prejudicial hearsay. In particular, the juvenile record of appellant was attacked as hearsay and inadmissible.

After a review of the record and the pre-sentence report we agree with appellant. The trial court found as the reasons for refusing to set bail that appellant is not "likely to appear when the conviction becomes final or is likely to commit another offense while on bail." See Art. 44.04(c), V.A.C.C.P. The only evidence to support this conclusion, however, appears in hearsay allegations in the pre-sentence report, to which objection had been made. Because no admissible evidence supports its ruling, the trial court abused its discretion in refusing to set bail on these grounds. See *Ex parte Hebert*, 579 S.W.2d 486, 487 (Tex.Cr. App.).

Therefore, this cause is remanded to the trial court with an order to set bail for appellant or to hold another hearing to determine whether good cause exists to deny bail. *Ex parte Hebert,* supra.

It is so ordered.