**Michael John SHORT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–424–CR.**

Court of Appeals of Texas,
Fort Worth.

May 16, 1996.

Greg Westfall, Jeff Kearney & Associates, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Assistant Chiefs of Appellate Section; Debra Ann Windsor, Martin Purselley, Phil Sorrells, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

### OPINION

LIVINGSTON, Justice.

A jury convicted Michael John Short of two counts of aggravated assault with a deadly weapon. Short appealed his conviction to this court in case number 02–95–118–CR, and we affirmed his conviction and denied his motion for rehearing. Mandate will issue on that appeal on May 28, 1996, making Short's aggravated assault conviction final. During the appeal of that case, Short filed a motion to set appeal bond, which the trial court denied after a hearing on September 15, 1995. In this case, Short is appealing the denial of the bond pending appeal under TEX.CODE CRIM.PROC.ANN. art. 44.04(g) (Vernon Supp.1996). We affirm the trial court's denial of bond pending appeal.

In the first of his two points of error, Short complains that the trial court abused its discretion in denying bond pending appeal because the evidence was insufficient to show that Short would be likely to commit another crime while on bail. To challenge the sufficiency of the evidence on appeal, an appellant must provide the entire

record, which includes all the evidence admitted before the fact finder. *O'Neal v. State*, 826 S.W.2d 172, 173 (Tex.Crim.App.1992); TEX.R.APP.P. 50(d). At the hearing on Short's motion to set appeal bond, the trial court admitted into evidence the entire record from the underlying aggravated assault case. Short has failed to include that record or an agreed statement on appeal.

However, we have taken judicial notice of the record in the appeal of his aggravated assault. *Ex parte Turner*, 612 S.W.2d 611, 612 (Tex.Crim.App.1981). The record reveals that: 1) Short violated the terms of a previous probation; 2) he violated the terms of a work release program while in jail; and 3) he vandalized automobiles after being indicted for the underlying aggravated assault. This is sufficient evidence from which a trial court could decide that Short would be likely to commit another crime while on bail. Because the trial court did not abuse its discretion in denying the bond pending appeal, we overrule point of error one.

■ In his second point of error, Short contends that the trial court abused its discretion in denying bond pending appeal to the extent that it relied on hearsay testimony. At the hearing on the motion to set appeal bond, a prosecutor for the underlying aggravated assault testified that during his incarceration, Short had been harassing a former girlfriend and her family by telephone. At the conclusion of the hearing, the trial judge commented only on the "inexcusable" aggravated assault that Short had committed, saying, "Anyone who would do something like that, in my opinion, is likely to commit another offense while on bail. Motion is denied." This shows that the judge based his denial on the gravity of the underlying offense.

Short cites two cases where the denial of bond pending appeal had been reversed because the evidence that the trial court relied upon to deny bail was inadmissible hearsay. *Burroughs v. State*, 611 S.W.2d 106, 107 (Tex.Crim.App. [Panel Op.] 1981); *Ex parte Hebert*, 579 S.W.2d 486, 487 (Tex.Crim.App. [Panel Op.] 1979). In this case, the judge based his decision on the underlying offense and evidence presented in the trial of that

offense. Because the trial court did not base its decision on the prosecutor's testimony, we overrule point of error two.

Having disposed of both of Short's points of error, we affirm the trial court's denial of bond pending appeal.