In the Interest of C.M.A., D.A. and C.E.A., Minor Children















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-319-CV

IN THE INTEREST OF
C.M.A., D.A. AND C.E.A. MINOR CHILDREN

 

From the 19th District Court
McLennan County, Texas
Trial Court # 97-2400-1
                                                                                                                
                                                                                                            
MEMORANDUM OPINION
                                                                                                                
   
      Rebecca Ann Ayers appeals a decree terminating the parent-child relationship between
herself and the three children the subject of this suit. Ayers timely filed a notice of appeal on
October 14, 1999. The clerk’s record was filed in this Court on November 15, and the
reporter’s record was filed on December 23. The Court has granted three motions for
extension of time to file Ayers’s brief, ultimately extending the deadline for the filing of her
brief to April 3, 2000. Although her brief was due on April 3, no appellant’s brief has been
filed. Tex. R. App. P. 38.6(a). 
      Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file her brief, the
Court may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains
the failure and the appellee is not significantly injured by the appellant’s failure to
timely file a brief.

Id. 38.8(a)(1).
      More than thirty days have passed since Ayers's brief was due. We notified her of this
defect by letter dated April 13. Id. 42.3, 44.3. She has not responded to this letter. Id. 42.3,
38.8(a)(1). Accordingly, we dismiss her appeal for want of prosecution. Id. 38.8(a)(1).
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed May 10, 2000
Do not publish



ily: 'CG Times', serif">Pending appeal from most felony convictions



where the punishment assessed does not exceed 15 years, the court may not deny bail unless “there
then exists good cause to believe that the defendant would not appear when his conviction became
final or is likely to commit another offense while on bail.” Id. 44.04(c) (Vernon Supp. 1999).



      While he was in prison serving time for burglary and possession of cocaine, Shawn Shugart
was convicted of possession of a deadly weapon in a penal institution and sentenced to ten
additional years in prison. Tex. Pen Code Ann. § 46.10 (Vernon 1994). After he completed
his sentence on the burglary and cocaine possession convictions, he filed a motion to set bail
pending his appeal on the deadly-weapon conviction.


 The motion was denied without a hearing,
and he filed an appeal of that order. See Tex. Code Crim. Proc. Ann. art. 44.04 (Vernon Supp.
1999). We abated the bail appeal and remanded the cause to the trial court to conduct a hearing
on the motion. Shugart v. State, No. 10-99-072-CR (Tex. App.—Waco March 24, 1999) (order
not designated for publication). The trial court conducted the hearing on April 16, 1999. The
court determined that Shugart was likely to commit another offense while on bail and again denied
the motion.
THE EVIDENCE
      Terry McNeil, a Department of Human Services employee from Corsicana, testified that
Shugart would live at his home if released on bail. He testified that Shugart's grandfather had two
businesses and that Shugart would work for his grandfather. After an extended exchange with the
judge, McNeil admitted that Shugart's grandfather was not at the hearing because he was in a state
jail facility for a drunk-driving conviction. On cross-examination, McNeil confirmed that Shugart
had several disciplinary problems while in prison. These included: two “Level 1" violations—a
“staff assault” in September 1997 and assaulting a guard in October 1997; a “Level 3" violation
in April 1998 for breaking a prison rule; and two other violations in 1997 and 1998 when he
refused to obey orders. McNeil also mentioned that, while at “boot camp,” Shugart had “got into
a scuffle with a guard and the guard's leg got broke.” McNeil testified that Shugart had had a
“change of attitude” in the fall of 1997 and since that time had been a “different individual.” 
      Michael Murray, a “security threat” officer with the TDCJ, testified that he investigates
allegations of gang activities and extortion. In March 1997, Murray investigated charges that
Shugart and another inmate were “conspiring to extract money from the trust fund accounts of
other offenders through acts of forgery.” He did not recall whether Shugart was disciplined for
the conduct. Murray testified that the Estelle Unit, where Shugart was housed, “normally [held]
the most violent offenders that TDCJ has.” 
      After hearing the evidence, the court stated: “[Shugart has] shown a propensity for violence. 
And if you can't behave in prison, I ask: How can you behave in the free world, sir? So I don't
think it would be appropriate to place him in society. So bond is denied.” 
      After the court's pronouncement, Shugart asked to be allowed to testify. He testified that
since his March 1998 conviction for possession of a deadly weapon in a penal institution,


 he had
gone a year without being in trouble. He stated that he had “tried to change his life around.” 
When questioned about the boot-camp incident, Shugart explained that he had not intentionally
broken the guard's leg, but had fallen on top of the guard “and that's how his leg broke.” He
explained that his grandfather's business was temporarily shut down, but that his grandfather
would be out of jail in June.
      After Shugart's testimony, the court stated: “Based upon the evidence I've heard, I think the
situation that you would be going into there, you would become frustrated and I think you would
probably commit another offense while on bond; therefore your bail is denied, young man. I'm
sorry. That's the order of the court.”
REVIEW
      We review the court's decision by an abuse-of-discretion standard. Borroughs v. State, 611
S.W.2d 106, 107 (Tex. Crim. App. [Panel Op.] 1981); Short v. State, 923 S.W.2d 168, 169 (Tex.
App.—Fort Worth 1996, no pet.). In asking whether a trial judge has abused his discretion, an
appellate court must determine if the "trial judge's decision was so clearly wrong as to lie outside
that zone within which reasonable persons might disagree." Heiselbetz v. State, 906 S.W.2d 500,
517 (Tex. Crim. App. 1995) (citing Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.
1992)). 
      When the court sets bail, certain factors should be considered in reviewing whether the bail
is reasonable. Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981). 
However, when the court denies bail, the decision is based upon whether the record shows that
the defendant is likely to commit another offense while on bail or would not appear when his
conviction became final. Tex. Code Crim. Proc. Ann. art. 44.04(c); Read v. State, 959 S.W.2d
228, 229 (Tex. App.—Fort Worth 1998, pet. ref'd).
      The evidence shows that Shugart had committed violent offenses while incarcerated and had
been involved in a scheme to take funds belonging to other inmates. From this evidence, the court
reasoned that Shugart posed a threat to commit another offense while on bail. See Tex. Code
Crim. Proc. Ann. art. 44.04(c). Although Shugart testified that he had “tried to change his life
around,” we cannot say that the court's decision to deny bail is outside the zone of reasonableness. 
Heiselbetz, 906 S.W.2d at 517. Thus, we affirm the court's order.
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed June 9, 1999
Publish