NO. 12-01-00295-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


MICHAEL BLAYLOCK,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS


 

 

 Appellant Michael Blaylock was convicted by a jury of the offense of aggravated assault with
a deadly weapon. The jury assessed his punishment at ninety-nine years in prison. Appellant
appeals his conviction, complaining that the trial court's failure to admit exculpatory evidence
constitutes error. We affirm. 


Background The victim, Stephen Myles, was visiting Appellant's home with several other people in May
of 2000. He left, but indicated that he would return. When he came back, he opened Appellant's
door and entered the residence without knocking. Appellant told Myles not to come into his home
without knocking first. They began to argue, and Appellant pulled a knife, although he did not open
it. Appellant warned Myles that if he came into his home without permission again, he would cut
him a new anal opening. Myles responded that he would shoot Appellant and leave no witnesses. 
Loretta Blaylock Mayon, Appellant's wife at that time, came between the two men and asked Myles
to leave. Myles pushed her aside. He did not, however, brandish a gun. Myles then shoved
Appellant across the room, causing him to fall against the kitchen table and eventually land on the
floor about six feet from Myles. Appellant jumped up off the floor with an open knife and stabbed
Myles in the chest. Myles left Appellant's home, got into his car, drove a short distance, then ran
into a light pole. He was dead at the scene. 

 Officer William Kennedy, the investigating officer, arrived at the scene of the car accident
with his video camera recording. At trial, Appellant offered the videotape into evidence, but the trial
court sustained objections to its admission into evidence. The trial court also sustained objections
to Appellant's offer of that portion of the medical records containing reference to results of Myles's
blood test apparently conducted after his death, which indicated a high alcohol concentration. 
Because the blood test results were not allowed, testimony explaining the blood test results was also
disallowed. The jury found Appellant guilty of aggravated assault with a deadly weapon. Four pen
packets were introduced at sentencing showing prior prison sentences of two, five, eight and twenty-five years, the last of which occurred in 1990. The jury assessed punishment at imprisonment for
ninety-nine years. This appeal followed. 


Trial Court's Refusal to Admit Evidence

 In his first issue, Appellant argues that the trial court erred when it refused to admit the video
of the scene of the victim's accident into evidence. He contends that the video taken by a police
officer soon after the stabbing should have been admitted under Rule 803(2) of the Texas Rules of
Evidence as an excited utterance, an exception to the hearsay rule. In his second and third issues,
Appellant complains that the trial court erred when it refused to admit the deceased's blood test
results, and an interpretation thereof, into evidence. He argues that the results were admissible under
Rule 803(6) of the Texas Rules of Evidence as a business records exception to the hearsay rule. 

 We review an evidentiary ruling for an abuse of discretion. State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999). The trial court has broad discretion in determining the
admissibility of evidence, and we will not reverse unless a clear abuse of discretion is shown. See
Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). An abuse of discretion occurs when
the trial court acts without reference to any guiding rules and principles or acts arbitrarily or
unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). A trial court's
decision is not an abuse of discretion if it lies within "the zone of reasonable disagreement." Rankin
v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998). 

The Videotape

 Excited utterances are those statements made under the stress of excitement caused by the
event or condition. Tex. R. Evid. 803(2). The excited utterance exception to the hearsay rule is
based on the proposition that statements which are made during an exciting event are trustworthy
enough to fall outside the rule against hearsay. The indicia of trustworthiness is based on the
declarant's lack of an opportunity to fabricate, and the involuntariness of the statement. Parks v.
State, 843 S.W.2d 693, 697 (Tex. App.-Corpus Christi 1992, pet. ref'd). The critical factor in
determining when a statement is an excited utterance under Rule 803(2) "is whether the declarant
was still dominated by the emotions, excitement, fear, or pain of the event." McFarland v. State,
845 S.W.2d 824, 846 (Tex. Crim. App. 1992). The time elapsed between the occurrence of the event
and the utterance is only one factor considered in determining admissibility of the hearsay statement. 
Id. That the declaration was a response to questions is likewise only one factor to be considered and
does not alone render the statement inadmissible. Id. The contents of the statement itself, along
with circumstances, including the declarant's appearance, behavior, and condition, may be relied
upon to establish the occurrence of an exciting event (1) and the declarant's personal perception of it. 
McLaughlin v. Vinzant, 522 F.2d 448, 451 (1st Cir. 1975). (2) The circumstances must show that it
was the event speaking through the person and not the person speaking about the event. City of
Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1944). 

 In this case, Loretta Blaylock Mayon and Jennifer Whitaker, a friend of the Blaylocks, can
be heard talking at various times during the tape. They both had been present during the incident
in Appellant's home. Mayon told Officer Kennedy that Myles started to get in her husband's face,
and when she got between them, he pushed her. She went on to say that her husband had a knife and
whipped it out in self defense. Whitaker told Officer Kennedy that she saw the whole thing. She
stated that Myles had pushed into Appellant's house and got into his car drunk and hit the light pole. 
Whitaker also claimed that Myles was drunk when he came over and said that he was acting crazy. 
Both women seemed to be excited and upset when they made their statements. In fact, an
unidentified police officer told them to calm down. The tape makes it clear that neither witness made
her statement in response to police questioning. 

 It seems from Mayon's and Whitaker's statements, as well as the circumstances under which
they were given, that what the women purportedly said on the videotape may have been admissible
as excited utterances. However, the tape was approximately one hour long, and included many other
statements besides those made by Mayon and Whitaker. The State made numerous objections,
including irrelevance and hearsay. The only portions of the tape which Appellant offered to redact
were the statements made by Appellant. After reviewing the videotape, we conclude that it was
reasonable for the trial judge to determine that Appellant was attempting to offer into evidence a
videotape containing both admissible and inadmissible statements. When a trial judge is presented
with a proffer of evidence containing both admissible and inadmissible statements and the proponent
of the evidence fails to segregate and specifically offer the admissible statements, the trial court may
properly exclude all of the statements. Jones v. State, 843 S.W.3d 487, 492-93 (Tex. Crim. App.
1992). The question of whether or not the utterances factually meet the requirements of Rule 803(2)
are also within the discretion of the trial court. Consequently, the trial court did not abuse its
discretion when it disallowed the videotape. 

 This does not end our analysis, however. The Rules of Evidence require that the tape itself
be identified or authenticated before being admissible. Tex. R. Evid. 901. When Appellant
attempted to offer the tape into evidence, the following exchange occurred between defense counsel
and Officer Kennedy:



 This is Defense Exhibit One. Let me back up. When you went out there to Austin Arms
Apartments, did at some point in time you make a video tape?




 We have what's called - we have what's called a MVR, mobile video recording system in
our patrol cars. And any time our emergency lights are activated it records everything that
we do, so I'm quite sure that night it was recorded. 




 Okay. And do you ever get a chance to look at that?




 I reviewed it very briefly just to make sure that it was the correct tape before entering it into
evidence.




 And was the tape prepared on a recording device capable of making an accurate audio and
visual recording?




 Yes sir, it was.




 And was the operator competent? I guess that's you.




 Yes, sir.




 Okay. Does everything in the videotape fairly and accurately reflect what was shown?




 I can't testify to everything on the videotape. I haven't watched the entire videotape.




 Okay. Well, do you know of anything that's not fair in there or accurate?



. . .



 Officer, I show you Defense Exhibit No. 1 . . . Do you recognize that tape?




 No, sir. This particular tape I don't.




In his offer of proof, Appellant did not satisfy his burden of laying the predicate for the admission
of the videotape. Officer Kennedy was not able to testify that the tape being offered into evidence
was the same tape he recorded on the night of the incident. We hold, therefore, that Appellant
cannot now complain of the trial court's refusal to admit the videotape into evidence. Accordingly,
we overrule issue one.

Blood Test Results

 The purpose of the business records exception to the hearsay rule is to dispense with the
necessity of proving each and every book entry by the person actually making such entry. Coulter
v. State, 494 S.W.2d 876, 884 (Tex. Crim. App. 1973). The theory underlying Rule 803(6) of the
Texas Rules of Evidence is that there is a certain probability of trustworthiness of records regularly
kept by an organization while engaged in its activities and upon which it relies in the ordinary course
of its activities. Id. While the formal requirements for admissibility of a business record, such as
the results of a blood test, may be shown, it is not to be admitted automatically; the indispensable
fundamental trustworthiness of the proffered record must be evident. Id. at 883. Evidence within
a recognized exception to the hearsay rule is not admissible without a showing of indicia of
reliability. McCrary v. State, 604 S.W.2d 113, 115 (Tex. Crim. App. 1980).

 The proper admission of the results of a blood test, although proven up as a business record,
also requires the proponent to establish a chain of custody of the blood sample drawn and later
tested. Moone v. State, 728 S.W.2d 928, 930 (Tex. App.- Houston [14th Dist.] 1987, no pet.). In
other words, the evidence must establish that the blood tested was the blood taken from the person
intended. Proof of the beginning and the end of the chain will support admission of the evidence
barring any showing of tampering or alteration. See Stoker v. State, 788 S.W.2d 1, 10 (Tex. Crim.
App. 1989).

 It appears the trial court was open to admitting the blood-alcohol results as relevant and
probative, but the evidence did not establish that the results were trustworthy as required by Rule
803(6). No witness knew who took the blood sample or how he or she determined from whom to
take the blood, and no one established that the test results were made or recorded by a person with
knowledge. Clearly, the evidence submitted by Appellant does not adequately link the blood alcohol
level reflected in the report to the deceased. Evidence of the "source of the information" as well as
the "method or circumstances of preparation" of the blood sample was completely lacking. See Tex.
R. Evid. 803(6). In other words, proof of fundamental trustworthiness, or indicia of reliability, of
the blood test result is missing. We hold, therefore, that the trial court did not abuse its discretion
when it denied admission of the report and testimony interpreting that report. Accordingly, we
overrule issues two and three.

 We affirm the judgment of the trial court.


 LOUIS B. GOHMERT, JR. 

 Chief Justice




Opinion delivered August 30, in the year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.







(PUBLISH)
1. United States v. Moore, 791 F.2d 566, 570-71 (7th Cir. 1986).
2. We note that the Texas and federal rules on excited utterances are identical, and that Texas adopted the
federal rule. See Fed. R. Evid. 803(2); H. Wendorf & D. Schlueter, Texas Rules of Evidence Manual 326 (2d
ed. 1988).