

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-20-00544-CR

**EX PARTE** Jorge Amezcua **TREVIÑO**

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. CM074888
Honorable Jefferson Moore, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: September 15, 2021

STATE'S MOTION FOR REHEARING GRANTED, APPELLANT'S APPEAL GRANTED IN
PART AND DENIED IN PART, REMANDED

Appellant Jorge Amezcua Treviño originally petitioned this court for habeas relief after the

trial court revoked his pretrial bail based on hearsay evidence that he objected to at the hearing.

This court granted relief in part and remanded the cause for a new bond hearing. We issued our

opinion on May 19, 2021. The State timely filed a motion for rehearing, requesting a more precise

statement of the law and analysis regarding Texas Rule of Evidence 802, which allows a court to

consider hearsay evidence when it has not been objected to. We requested a response from

Appellant, but he did not respond. We withdraw our May 19, 2021 opinion and judgment and

substitute this opinion and judgment in their stead.

Treviño was charged with aggravated assault with a deadly weapon. While on release,

Treviño allegedly violated his release conditions, and the trial court revoked bond. Treviño filed

a motion to set bail and a pretrial application for writ of habeas corpus. At the hearing on the motion to set bail, Treviño objected to the trial court considering any hearsay testimony, but the trial court overruled his objections. At the hearing on Treviño's application for writ of habeas corpus, Treviño argued that less restrictive pretrial conditions would be appropriate. After the hearing, the trial court denied Treviño's application. We grant habeas relief in part and remand.

## BACKGROUND

On August 13, 2020, Appellant Treviño was arrested for aggravated assault with a deadly weapon after he allegedly held scissors to his estranged wife's throat and assaulted her. He allegedly threatened to kill her and their family if she tried to alert anyone. Bond was set at $20,000, which Treviño posted the same day. He was released without any conditions.

The State moved to modify conditions to prohibit Treviño from contacting his wife and their family, to prohibit him from possessing firearms, and to mandate full GPS house arrest. The trial court granted the conditions.

Treviño requested a modification to the conditions so that he could maintain contact with his wife to continue to run their business together. The trial court granted Treviño's request to modify release conditions, which included removing full house arrest and allowing Treviño to go to his family restaurant, to conduct business with his wife, and to see his children, but not to have any contact with his mother-in-law, not to have any injurious contact with his family, and not to return to his wife's apartment.

After the trial court granted the modification, Treviño allegedly violated the remaining conditions by allegedly going to his wife's apartment more than once, sexually assaulting her, and choking her until she passed out. Warrants issued for Treviño's arrest for the choking assault and to increase bond in the aggravated assault with a deadly weapon case. The State moved for Treviño's bond to be revoked. In support of its motion, the State attached exhibits to include an

arrest affidavit for the aggravated assault with a deadly weapon from July 31, 2020, and a computer-generated incident detail report from the choking report on October 6, 2020. The trial court granted the revocation without a hearing.

On October 8, 2020, Treviño was re-arrested, and he moved to reinstate a bond in his aggravated assault case, arguing that his risk of exposure to COVID-19 at the Bexar County Jail was too great. The following week, Treviño filed a second motion to set bond in his aggravated assault case, citing a myriad of health concerns that he complained were being exacerbated or left unaddressed at the jail. A few days later, though its motion was granted, the State filed a First Amended Motion to Revoke Bond that included more attachments, such as the arresting officer's report from October 8, 2020.

At the hearing on Treviño's motion to set bond, Treviño objected to hearsay evidence and asked that the State put on its evidence in support of the motion to revoke bond that the trial court granted two weeks earlier. The State moved to admit exhibits from its motion that included the arrest warrant affidavit from October 6, 2020, and officer reports from October 8, 2020. The trial court admitted the exhibits over Treviño's hearsay objections regarding the affidavit and the officer reports.

The State offered the testimony of Treviño's arresting officer from October 8, 2020, and Treviño argued that the trial court could not consider the officer's testimony regarding the events that led to Treviño's October 8 arrest for felony choking assault against his wife. The trial court overruled his objections, stating, "[W]e can consider hearsay during bond hearings. So, your objection is overruled."

The detective testified that he is part of the Rapid Response Team of the Repeat Offenders Program and that his lieutenant received an e-mail from a Special Victims Unit detective regarding Treviño's case on October 7, 2020. Based on the e-mail, the detective testified that Treviño was

"involved in an incident with his ex where she was assaulted. He had an active — uh, active — I guess, two active felony warrants for his arrest." The detective was assigned to execute the warrants and arrest Treviño. The detective confirmed in his testimony that Treviño was the man arrested on October 8, 2020, and that the warrants were for choking and strangulation involving family violence against Treviño's wife and aggravated assault with a deadly weapon.[1] Treviño renewed his hearsay objection, but the trial court overruled the objection and affirmed its decision to remand Treviño without bond.

The next day, Treviño filed an Application for Writ of Habeas Corpus Seeking Bail, arguing that he was illegally held and that less restrictive pretrial conditions would be appropriate. Treviño argued that the law required the trial court to set a new bond in his case rather than to continue holding him without bond. The trial court disagreed and denied Treviño's application.

Treviño now appeals the trial court's denial.

## STANDARD OF REVIEW

A trial court's denial of habeas corpus relief is reviewed for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Shires*, 508 S.W.3d 856, 860 (Tex. App.—Fort Worth 2016, no pet.). A finding of an abuse of discretion requires the court to determine that the trial court acted arbitrarily or unreasonably. *See Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.); *see also Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993), *superseded on other grounds as stated in Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 161 (Tex. Crim. App. 2008); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). We view the facts in the light most favorable to the trial court's ruling. *See Ex parte McIntyre*, 558 S.W.3d 295, 299 (Tex. App.—Fort Worth 2018, pet. ref'd) (citing *Ex parte*

---

[1] Treviño's pending case from July 31, 2020.

*Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)). "When the record is silent on the reasons for the trial court's ruling or when the trial court makes no explicit fact findings and neither party has timely requested findings and conclusions from the trial court, we imply the necessary fact findings to support the trial court's ruling if they are supported by the record." *Ex parte Shires*, 508 S.W.3d at 860 (citing *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006)).

## PRETRIAL HABEAS RELIEF

### A. Parties' Arguments

Treviño argues that the trial court (1) inappropriately relied on Texas Constitution article I, section 11b and Texas Code of Criminal Procedure article 17.152, and (2) relied on inadmissible hearsay evidence to revoke bail and remand Treviño without bond. The State argues that the trial court acted within its discretion under article I, section 11b of the Texas constitution to revoke Treviño's bail and remand him without bond pending trial.

### B. Texas Code of Criminal Procedure Article 17.152

The State based its Motion to Revoke Bond on Article 17.152, which authorizes a trial court to deny bail in a family violence case if the accused violates certain court orders or conditions of bond. *See* TEX. CODE CRIM. PROC. ANN. art. 17.152; *Ex parte Gonzalez*, No. 02-20-00128-CR, 2020 WL 6325815, at *1 (Tex. App.—Fort Worth Oct. 29, 2020, no. pet. h.) (mem. op., not designated for publication) ("[T]he [Texas] Code of Criminal Procedure authorize[s] a trial court to deny bail pending trial when an accused violates a condition of release related to the safety of the victim."). Treviño argues that Article 17.152 does not apply to him because he was not charged under Penal Code section 25.07,[2] which Article 17.152 specifically cites. *See* TEX. CODE CRIM. PROC. ANN. art. 17.152. Notwithstanding the language of Article 17.152, we may consider other

---

[2] Defining the criminal offense, Violation of Certain Court Orders or Conditions of Bond in a Family Violence, Child Abuse or Neglect, Sexual Assault or Abuse, Indecent Assault, Stalking, or Trafficking Case.

bases to affirm the trial court's ruling if the record supports them. *See Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013) ("We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case.") (citing *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010)); *Vennus v. State*, 282 S.W.3d 70, 74 (Tex. Crim. App. 2009) (reviewing court may affirm trial court's ruling "on a legal theory not presented to the trial court by the prevailing party").

### C.      Article 1, Section 11b of the Texas Constitution

The Texas constitution provides that:

> Any person who is accused in this state of a felony or an offense involving family violence, who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence at a subsequent hearing that the person violated a condition of release related to the safety of a victim of the alleged offense or to the safety of the community.

TEX. CONST. art. I § 11b.  Thus, more generally, a trial court may remand an accused without bond pending trial if the underlying offense involved family violence and the court is convinced by a preponderance of the evidence that the accused violated a condition of release related to the safety of the victim or the safety of the community.  *See Ex parte McIntyre*, 558 S.W.3d at 299; *Ex parte Shires*, 508 S.W.3d at 860; *see also Ex parte Vazquez*, No. 05-13-00165-CR, 2013 WL 1760614, at *3 (Tex. App.—Dallas Apr. 24, 2013, no pet.) (mem. op., not designated for publication) (citing TEX. CONST. art. I, § 11b) ("[T]he plain language of the provision is for the revocation and subsequent denial of bond to an individual who has been shown by a preponderance of the evidence to have violated a condition of his bond.").

Here, the trial court suggested this alternate basis for remand without bond at the hearing on Treviño's Application for Writ of Habeas Corpus Seeking Bail.  The record shows that Treviño

was not to have injurious contact with his wife or go to her apartment.[3] The State alleges that he did both. We turn now to the admissibility of the evidence supporting the trial court's ruling to deny bond.

### D. Hearing to Deny Bond and Hearsay Evidence

Rule 101(e)(3)(C) of the Texas Rules of Evidence dictates that the Rules of Evidence apply in bond revocation proceedings or in proceedings that may result in denial of bond. *See* TEX. R. EVID. 101(e)(3)(C); *Ex parte Graves*, 853 S.W.2d 701, 703–04 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd); *Ex parte Bratcher*, Nos. 05-05-00634-CR, 05-05-00635-CR, 2005 WL 1634971, at *5 (Tex. App.—Dallas July 13, 2005, no pet.) (mem. op., not designated for publication). Under the Rules of Evidence, the trial court may generally not consider hearsay evidence, i.e., out-of-court statements offered to prove the truth of the matter asserted. *See* TEX. R. EVID. 801, 802; *Head v. State*, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999) (citing *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989)). In some bail proceedings, the trial court may consider hearsay evidence, but not in bail revocation proceedings when the hearsay evidence has been objected to and no exception applies. *See* TEX. R. EVID. 101(e)(3)(C), 802; *Montalvo v. State*, 315 S.W.3d 588, 590 n.2 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Ex parte Graves*, 853 S.W.2d at 703–04).[4] If the only evidence that supports its ruling is inadmissible objected-to hearsay, the trial court abuses its discretion in revoking bail. *See Burroughs v. State*, 611 S.W.2d 106, 107 (Tex. Crim. App. 1981) (citing *Ex parte Hebert*, 579 S.W.2d 486, 487 (Tex. Crim. App. 1979)).

---

[3] Although Treviño argues that the State did not prove up his release conditions, Treviño suggested the release conditions in his earlier Motion to Modify Bond Restrictions, and the trial court accepted them of record.

[4] In support of allowing hearsay, the trial court cited Texas Rule of Evidence 102, which states: "These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." TEX. R. EVID. 102. However, "[c]ourts should not interpret Rule 102 as a plenary grant of discretion to the trial judge to forego the specific mandates of the Rules…." *Englund v. State*, 946 S.W.2d 64, 70 (Tex. Crim. App. 1997) (quoting J. Wallace & C. Herasimchuck, *Article I: General Principles, Texas Rules of Evidence Handbook*, 30 HOUS. L. REV. 137, 144 (1993)).

If some admissible evidence supports the trial court's ruling, it must be enough to meet a preponderance of the evidence standard. *See* TEX. CONST. art. I, § 11b; *Ex parte Shires*, 508 S.W.3d at 862. If it does not, the trial court abuses its discretion by remanding an accused without bond. *See Ex parte Shires*, 508 S.W.3d at 862.

### E. Evidence in Support of the Trial Court's Revocation of Bond—Hearsay

At the hearing on October 22, 2020, the State provided testimony of the detective who arrested Treviño on October 8, 2020, based on a warrant for violating the court's conditions of release, but the officer had no personal knowledge of the violations. The only substantive evidence the court had available to consider regarding Treviño's alleged bond violations was an arrest affidavit from October 7, 2020, to which Treviño objected on hearsay grounds. Because the arrest affidavit contained out-of-court statements offered to prove the truth of the matter asserted, and Treviño objected to them, we agree with Treviño that the arrest affidavit constitutes hearsay that should have been excluded under Rule 802. *See* TEX. R. EVID. 801, 802; *Head*, 4 S.W.3d at 261 (citing *Schaffer*, 777 S.W.2d at 114).

The State argues that it was enough for the trial court to take judicial notice of Treviño's arrest for felony assault against his wife from October 8, 2020, but Texas Constitution article I, section 11b contemplates a hearing to deny bond to an accused pending trial. TEX. CONST. art. I, § 11b; *Ex parte Shires*, 508 S.W.3d at 862. The trial court must ascertain to some degree what led to Treviño's arrest, and the answer cannot simply be that the defendant was arrested, because the fact of arrest is different from the truth of the violation. *See Hunt v. State*, No. 14-07-00286-CR, 2008 WL 850134, at *4–5 (Tex. App.—Houston [14th Dist.] Apr. 1, 2008, pet. ref'd) (disallowing bootstrapped hearsay). The fact of arrest cannot stand alone to establish a violation by a preponderance of the evidence. *See Rogers v. State*, 756 S.W.2d 332, 341 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (approving jury instruction that fact of arrest does not give rise to

inference of guilt); *Ex parte J.D.F.*, 07-17-00202-CV, 2019 WL 1941341, at *4 (Tex. App.—Amarillo May 1, 2019, no pet.) (noting that judicial notice regarding arrests could not have resolved substantive issue regarding expunction) (citing TEX. R. EVID. 201). Using the charge name as a basis to determine whether a violation occurred is tantamount to hearsay, which raises serious questions of reliability that a trial court must avoid when detaining an individual without bond. *See* TEX. R. EVID. 101(e)(3)(C); *Stevens v. State*, No. 01–07–00111–CR, 2008 WL 2743947, at *15–16 (Tex. App.—Houston [1st Dist.] July 10, 2008, no pet.) (mem. op., not designated for publication) ("[A] principal reason for excluding hearsay is because of its unreliable nature. Specifically, the veracity of the declarant cannot be tested by cross-examination.").

Without the arrest warrant from October 7, 2020, no substantive evidence remains to establish Treviño's bond violations. Because there was no probative evidence of Treviño's violations in the evidence presented to the trial court, we conclude that the court abused its discretion by denying bond on the record before it.[5] *See Burroughs*, 611 S.W.2d at 107; *Ex parte Shires*, 508 S.W.3d at 862. Therefore, we reverse the trial court's order denying bond and remand this cause for the trial court to hold another hearing to determine whether Treviño's bond was properly revoked or to set bail.[6]

## CONCLUSION

The trial court erred when it admitted hearsay evidence to deny Treviño's bond. Without the inadmissible hearsay evidence, there was no evidence presented to satisfy the preponderance of the evidence standard to deny bond, and the trial court abused its discretion by remanding

---

[5] In conjunction with his argument regarding inadmissible hearsay, Treviño argues that his 6th Amendment right to confront witnesses against him was violated. Because we decide that the trial court erred by relying on inadmissible hearsay evidence and abused its discretion by determining that the standard of proof for revocation had been met for bail revocation, we need not address Treviño's Confrontation Clause argument.

[6] Treviño prays that we set bond at $100,000, but we deny the request and remand the cause for a hearing. *See Burroughs*, 611 S.W.2d at 107; *Ex parte Shires*, 508 S.W.3d at 860 (citing TEX. CONST. art. I, § 11b).

Treviño without bond. We deny Treviño's request that we set bond. We remand the cause for further proceedings consistent with this opinion.

Patricia O. Alvarez, Justice

PUBLISH