**Herbert Lee SANDERS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–89–00236–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1990.

---

**446**

Lawrence F. Harrison, Junction, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before CADENA, C.J., and BIERY and ONION,[1] JJ.

## OPINION

ONION, Justice (Retired).

This is an appeal from a conviction for possession of a controlled substance, to wit: amphetamine, in the amount of less than twenty-eight grams aggregate weight, including any adulterants and dilutants. Following the jury's verdict of "guilty," appellant entered a plea of "true" to the enhancement of punishment paragraph of the indictment alleging a prior and final conviction of delivery of marihuana. At the conclusion of the penalty stage of trial before the trial court, the trial court assessed appellant's punishment at twenty years' confinement in the Department of Corrections.

■ Initially on appeal appellant contends that the trial court "erred in not suppressing the evidence discovered as a result of the search warrant due to the peace officers using hearsay evidence to obtain said search warrant."

It is well established that probable cause to support the issuance of a search warrant may be based on hearsay. *See Frazier v. State*, 480 S.W.2d 375, 378 (Tex.Crim.App. 1972); *Stoddard v. State*, 475 S.W.2d 744, 747 (Tex.Crim.App.1972); *Polanco v. State*, 475 S.W.2d 763, 765 (Tex.Crim.App.1971); *see also; McCray v. Illinois*, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967); *Jones v. United States*, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960). Appellant's stated point of error is without merit, but he also argues in his brief that the two prong test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) was not met. Appellant overlooks that the strict application of the two prong test of *Aguilar* regarding "informer information" has been replaced by the "totality of circumstances" test under which the magistrate makes a practical common-sense decision whether, given all the circumstances before him, including the credibility of the informer and the basis of his knowledge, there is probable cause. *Il-*

---

1. John F. Onion, Jr., Presiding Judge, Retired, Court of Criminal Appeals, assigned by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1988).

linois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The *Gates* test has been adopted in Texas. *See Eisenhauer v. State,* 754 S.W.2d 159, 164 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988).

An examination of the search warrant affidavit in the instant record shows from its four corners that it meets not only the "totality of circumstances" test of *Gates* but the two prong test of *Aguilar* as well. There is more.

Appellant filed a pre-trial motion to suppress evidence, statements, et cetera obtained as a result of the search. *See* TEX. CODE CRIM.PROC.ANN. art. 28.01 (Vernon 1989). Prior to trial no hearing was held on said motion and no ruling obtained. During the presentation of the State's case in chief police officers testified as to obtaining and executing the search warrant, and to the finding of the amphetamine on appellant's person and other contraband in the house. This testimony and the amphetamine were introduced without objection. Nothing was preserved for review. *Wilkerson v. State,* 736 S.W.2d 656, 664 (Tex. Crim.App.1987); *see Bouchillon v. State,* 540 S.W.2d 319, 322 (Tex.Crim.App.1976); TEX.R.CRIM.EVID. 103(a); TEX.R.APP.P. 52(a).

After the State rested its case in chief, in a somewhat unusual procedure, the court called up the pre-trial motion to suppress and overruled it summarily. Later the appellant took the witness stand and admitted that he had purchased the amphetamine the morning of the day of the search from Billy Dale, whom he accused of being the informer. He acknowledged that he had used some of the amphetamine purchased, and that at the time of the search he was "wired as high as a kite." Later, when appellant reurged his motion to suppress, the motion was again overruled.

Generally when a defendant offers the same evidence as that objected to or the same evidence is introduced from another source without objection he may not complain on appeal. *Wilkerson v. State,* 736 S.W.2d at 662; *Maynard v. State,* 685 S.W.2d 60, 65 (Tex.Crim.App.1985); *With-*

ers v. State, 642 S.W.2d 486, 487 (Tex.Crim. App.1982); *Ricondo v. State,* 657 S.W.2d 439, 445 (Tex.App.—San Antonio 1983, no pet.).

Under the circumstances the court did not err in failing to suppress the evidence. Appellant's first point of error is overruled.

 In his second point of error appellant urges that the trial court erred in admitting extraneous offenses. He argues that he was charged with possession of amphetamine and that the State presented "evidence of drug paraphernalia and other items found during the search" of the mobile home. Appellant does not otherwise describe what items he has reference to or point out in the record where he objected to the introduction of the evidence. *See* TEX. R.APP.P. 74(f).

Our examination of the record reveals no objection to the testimony of the discovery of the items or to the introduction of such items into evidence. The only objections made were to the introduction of photographs of certain items which objections were offered *after* the admission of the testimony and the items without objection. The failure to object waives any error. *See Russell v. State,* 665 S.W.2d 771, 779 (Tex. Crim.App.1983), *cert. denied,* 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984); TEX.R.CRIM.EVID. 103(a); TEX.R.APP.P. 52(a).

It is further observed that appellant, in his testimony, admitted the finding of gram scales in his home.

The State also points out that extraneous offenses are generally admissible if the offenses are res gestae of the primary offense charged, or closely interwoven with such offense. *See Moreno v. State,* 721 S.W.2d 295, 301 (Tex.Crim.App.1986); *Mann v. State,* 718 S.W.2d 741, 744 (Tex. Crim.App.1986), *cert. denied,* 481 U.S. 1007, 107 S.Ct. 1633, 95 L.Ed.2d 206 (1987); *Maynard v. State,* 685 S.W.2d at 66; *see also Wilkerson v. State,* 736 S.W.2d at 659–60; *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Crim.App.1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410

(1981); *Williams v. State*, 535 S.W.2d 637, 639 (Tex.Crim.App.1976).

In his third point of error appellant contends the trial court "erred in denying appellant's objection to the charge to the jury in that the charge failed to track the indictment."

Citing *Lee v. State*, 577 S.W.2d 736 (Tex. Crim.App.1979), the appellant urges that a charge which authorizes the jury to convict a defendant upon finding facts that have not been alleged constitutes an enlargement upon the allegations and is an erroneous charge. This cannot be disputed, but it did not occur in the instant case.

The indictment in pertinent part alleged that the appellant did then and there

intentionally and knowingly possess a controlled substance, to wit: Amphetamine, in an amount by aggregate weight, including any adulterants and dilutants, of less than 28 grams.

In submitting the charge to the jury the court carefully tracked the indictment. There was no enlargement on the indictment's allegations. There is no merit to appellant's stated point of error.

Giving the third point of error a multifarious nature, the appellant also claims, in his argument thereunder, a single sentence: "In this case, the Court failed to include the definition of adulterants and dilutant." There are no references to the record, no authorities are cited in support of this complaint and the contention is not briefed. There is no compliance with TEX.R.APP.P. 74(f).

Appellant's third point of error is overruled.

■ There is another matter, not raised, which must be considered in the interest of justice. The indictment alleged a prior felony conviction for enhancement of punishment. It alleged that on July 30, 1984, in the 198th District Court the appellant had been convicted of "Delivery of Marihuana" in Cause No. 288 and that said conviction was a *final* conviction.

As earlier noted in the penalty stage of the trial before the court the appellant entered a plea of "true" to these enhancement allegations and the trial court took the prior conviction into consideration in assessing the punishment of twenty years' imprisonment for the primary offense of possession of amphetamine. This is reflected not only by the court's oral pronouncements but by the formal judgment and sentence. The instant record also reflects however that after the assessment of punishment and the imposition of sentence in the instant case, the court called up the State's motion to revoke probation granted in said Cause No. 288, the delivery of marihuana case. At the revocation hearing the parties stipulated that the testimony from the recently completed trial on the possession of amphetamine charge could be considered by the court as the testimony at such hearing. Thereafter, the court revoked probation and expressly stated it was setting aside "the suspension of the imposition of sentence" in Cause No. 288 previously ordered and proceeded to sentence the appellant in said cause. The court then caused the sentences to run consecutively.

It is clear that said Cause No. 288 (delivery of marihuana) had not resulted in a *final* conviction prior to the commission of the amphetamine possession offense as alleged in the indictment despite appellant's plea of "true." Therefore, it could not be used to enhance punishment as it was. The error having occurred at the penalty stage of the trial before the trial judge alone, the case on appeal may be remanded to the trial court for the proper assessment of punishment. *Bullard v. State*, 548 S.W.2d 13, 18 (Tex.Crim.App.1977); *See Jenkins v. State*, 615 S.W.2d 231 (Tex. Crim.App.1981). In reassessing punishment for the amphetamine possession (the primary offense) the court may not use the delivery of marihuana conviction. The prosecution is only entitled to one bite at the apple. *Ex parte Bullard*, 679 S.W.2d 12, 14 (Tex.Crim.App.1984); *Ex parte Augusta*, 639 S.W.2d 481, 485 (Tex.Crim.App. 1982); *Cooper v. State*, 631 S.W.2d 508, 514 (Tex.Crim.App.1982).

The judgment of conviction is affirmed, but the punishment assessed is set aside,

and the cause is remanded to the trial court for a new hearing on punishment before the court.