Affirmed in part, Reversed and Remanded in part; and Opinion filed June
21, 2005









Affirmed
in part, Reversed and Remanded in part; and Opinion filed June 21, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00489-CR

_______________

 

NAKEITHIA MIKEL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 967,757

                                                                                                                                               


 

O P I N I O N

A jury
convicted appellant, Nakeithia Mikel, of possession of a controlled
substance.  After the trial court found
two enhancement paragraphs true, it assessed punishment at twenty six-years= imprisonment.  In three issues, appellant contends (1) the
trial court erred in denying her motion to suppress, and (2) the evidence is
insufficient to prove the enhancement paragraphs were true.  We affirm appellant=s conviction, but remand for a new
punishment hearing. 

I.  Background








On
November 10, 2003, Deputy Marcus Staudt of the Harris County Sheriff=s Department responded to a complaint
from a Houston-area apartment complex regarding possible drug activity at one
of the apartment units.  Upon arriving at
the apartment complex, Deputy Staudt observed appellant sitting in the parking
lot with her children and several other individuals.  Deputy Staudt knew from past experience that
appellant resided in the apartment unit suspected of drug activity and thus,
approached appellant to inquire about the complaint.  

Appellant
informed Deputy Staudt that there was no drug activity inside the apartment and
management had locked her out of the apartment for failing to pay rent.  Deputy Staudt contacted the management office
and requested that appellant be allowed back into her apartment.  The management office sent a maintenance
person to let appellant into her apartment. 
When the maintenance person opened the door, Deputy Staudt noticed a
strong odor of marijuana emanating from the apartment.

Deputy
Staudt testified that although he smelled marijuana, he did not enter the
apartment at that time.  Deputy Staudt
approached appellant and obtained written consent to search the apartment.  Deputy Staudt and several other officers who
had arrived at the scene searched the apartment and discovered marijuana and
ecstacy in the living room and a bottle of codeine on a table in the
bedroom.  Following a jury trial,
appellant was found Anot guilty@ of possession of marijuana and ecstacy, but Aguilty@ of possession of codeine.

II.  Issues on Appeal

Appellant
presents three issues for our review.  In
her first issue, appellant contends that the evidence is legally and factually
insufficient to support the trial court=s finding that the second enhancement
paragraph alleged in the indictment is Atrue.@ 
In her second issue, appellant contends that the trial court erred in
finding that the offense alleged in the first enhancement paragraph of the
indictment is a final conviction.  In her
third issue, appellant contends that the trial court erred in denying her
motion to suppress.  We address appellant=s third issue first.   








III.  Motion to Suppress

In her
third issue, appellant contends that the trial court erred in denying her
motion to suppress the evidence seized during the search of her apartment
because the officers searched the apartment before obtaining consent.  However, appellant has failed to preserve
this issue for our review.  

When a
pretrial motion to suppress evidence is overruled, the defendant need not
subsequently object at trial to the same evidence to preserve error on
appeal.  Moraguez v. State, 701
S.W.2d 902, 904 (Tex. Crim. App. 1986). 
However, when a defendant affirmatively states during trial that she has
Ano objection@ to the admission of evidence, she
waives any error, despite the pretrial ruling. 
Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); Dean
v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988).  

In this
case, appellant initially preserved error through the trial court=s ruling on the pretrial motion to
suppress.  However, when the State
offered into evidence Exhibit 17--the 
bottle of codeine which was the basis for appellant=s conviction--appellant=s counsel expressly stated, ANo objection, Judge.@ 
Because appellant=s counsel specifically stated that the defense had no
objection to the admission of the bottle of codeine, we find that this issue
was not preserved for review.

Accordingly,
we overrule appellant=s third issue.   

IV.  Enhanced Punishment

In her
first issue, appellant contends there is insufficient evidence to support the
finding that the allegations in the second enhancement paragraph were
true.  Appellant claims she was harmed
because the second enhancement paragraph contained language enhancing her
punishment range from a repeat offender under Texas Penal Code Section
12.42(c)(1) (punishment range of fifteen years to ninety-nine years) to an
habitual felony offender under Texas Penal Code Section 12.42(d) (punishment
range from twenty-five to ninety-nine years). 









An
habitual offender is a person shown to have Apreviously been finally convicted of
two felony offenses, and the second previous felony conviction is for an
offense that occurred subsequent to the first previous conviction having become
final . . . .@ 
Tex. Pen. Code Ann. ' 12.42(d) (Vernon Supp. 2004B05). 
In this case, the State sought to enhance appellant=s punishment to habitual status
through the following enhancement paragraphs: 


Before
the commission of the offense alleged above (hereafter styled the primary
offense) on May 23, 2002, in Cause No. 00199814, in the 16th District Court of
St. Martin Parish, Louisiana, the Defendant was convicted of the felony of
attempted possession with intent to distribute marihuana.[1]

Before
the commission of the primary offense and after the conviction in cause number
00199814 was final, the Defendant committed the felony offense of escape and
was finally convicted of that offense on February 9, 2000 in Cause No. 835844,
in the 182nd District Court of Harris County, Texas.

Although the second enhancement
paragraph, if true, would establish that appellant is an habitual offender, it
is clear from the face of the record that the second enhancement paragraph
cannot be true.  The second enhancement
paragraph alleges that appellant committed the offense of escape (Cause No.
835844) after her conviction for attempted possession with intent to
distribute marijuana (Cause No. 00199814) became final.  However, the judgment supporting the escape
offense shows that the offense was committed on February 7, 2000, and that the
conviction became final on February 9, 2000. 
Thus, appellant did not commit the escape offense after she was
finally convicted of the attempted possession offense on May 23, 2002.  Accordingly, the second enhancement paragraph
is not true and should not have been used to enhance appellant=s punishment range to that of an
habitual offender.[2]









Although
the second enhancement paragraph cannot be true, the State argues that
appellant is precluded from challenging the sufficiency of the evidence to
support the enhancement paragraph because she pled Atrue@ to the paragraph at the punishment
hearing.  As a general rule, when a
defendant pleads true to an enhancement paragraph, the State is relieved of the
burden of proving the enhancements, and the defendant cannot complain on appeal
that the evidence is insufficient to support the enhancements.  Harvey v. State, 611 S.W.2d 108, 111
(Tex. Crim. App. 1981).  However, there
is a narrow exception to this rule.  If
the record Aaffirmatively reflects@ that a prior conviction was not
final, then the conviction cannot be used to enhance punishment, even
though the defendant pled Atrue@ to the enhancement paragraph.  Harrison v. State, 950 S.W.2d 419, 422
(Tex. App.CHouston [1st Dist.] 1997, pet. ref=d); Sanders v. State, 785
S.W.2d 445, 448 (Tex. App.CSan Antonio 1990, no pet.). 
This narrow exception originated in Sanders.  See 
785 S.W.2d at 448.  

In Sanders,
the indictment contained an enhancement paragraph alleging that the defendant
had a final conviction for the felony offense of delivery of marijuana before
commission of the primary offense.  Id.  The defendant pled Atrue@ to the enhancement allegations, and
the trial court considered the previous conviction in assessing punishment for
the primary offense.  Id.  On appeal, the court observed that the record
affirmatively demonstrated the conviction for delivery of marijuana was not
final before commission of the primary offense and, thus, could not be used to
enhance punishment.  Id.  Under those circumstances, the court
considered the error and reversed for a new punishment hearing, in the interest
of justice.  Id.  Thus, under Sanders, when a defendant
pleads true to an enhancement paragraph, but the record affirmatively reflects
that the prior conviction was not final for enhancement purposes, the Ainterest of justice@ requires the reviewing court to
consider the error. 








The
First Court of Appeals has extended the Sanders exception, applying it
not only to cases in which a non-final conviction was improperly used to
enhance punishment, but to any case in which a A>defendant pleads true to an
enhancement paragraph allegation, [and] the record affirmatively reflect[s]
that the prior conviction= should not have been used for enhancement purposes.@ 
Cruz v. State, No. 01-00-00463-CR, 2001 WL 1168273, at *1 (Tex.
App.CHouston [1st Dist.] Oct. 4, 2001, no
pet.) (not designated for publication). 
The situation here falls within this category, as the record
affirmatively reflects that the offense in the second enhancement paragraph
should not have been used to enhance appellant=s punishment range to that of an
habitual offender because the offense did not occur in the sequence alleged by
the indictment.  We agree with our sister
court and apply the Sanders exception to the indictment in this
case.  Accordingly, we will consider
appellant=s sufficiency challenge to the second
enhancement paragraph despite her plea of true at the punishment hearing.

In reviewing  legal sufficiency of the evidence in the
punishment phase, we view the evidence in a light most favorable to the trial
court=s ruling and determine whether any
rational trier of fact could make the finding beyond a reasonable doubt.  McFarland v. State, 928 S.W.2d 482,
496 (Tex. Crim. App. 1996).  As
previously discussed, evidence introduced at the punishment phase of trial
affirmatively shows that the second enhancement paragraph is not true.  Therefore, no rational trier of fact could
have found beyond a reasonable doubt that the allegations in the second
enhancement paragraph were true.  Thus,
the evidence is legally insufficient to prove the allegations in the second enhancement
paragraph. 








While
some courts of appeals have conducted a harm analysis after determining that
insufficient evidence existed to prove that the defendant was an habitual
offender, the Texas Court of Criminal Appeals has not.  Compare Williams v. State, 837 S.W.2d
759, 764 (Tex. App.CEl Paso 1992, no pet.) (determining harm existed when
evidence failed to prove that second previous felony conviction was for an
offense that occurred subsequent to the first previous conviction having become
final); Patterson v. State, 723 S.W.2d 308, 316 (Tex. App.CAustin 1987) (same), aff=d on other grounds, 769 S.W.2d 938 (Tex. Crim. App.
1989), with McCrary v. State, 604 S.W.2d 113, 116 (Tex. Crim. App. 1980)
(reversing and remanding for new trial where no evidence proved that second
previous felony conviction was for an offense that occurred subsequent to the
first previous felony conviction having become final; no harm analysis
conducted); Williams v. State, 596 S.W.2d 903, 904 (Tex. Crim. App.
1980) (same).  Following the precedent
set by the Court of Criminal Appeals, we find that a harm analysis is
inappropriate in this context. 
Accordingly, we sustain appellant=s first issue without conducting a
harm analysis.[3]

V.  Conclusion

We
affirm appellant=s conviction, but reverse that portion of the judgment
assessing punishment and remand for a new punishment hearing.  See Tex.
Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2004B05).

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
June 21, 2005.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant was
placed on probation in Louisiana on May 23, 2002 for the attempted possession
offense (Cause No. 00199814).  In her
second issue, appellant contends that the Louisiana probation is not a Afinal conviction@ for
enhancement purposes.





[2]  It appears
that even if the escape offense in 2000 is considered to be appellant=s Afirst felony conviction@ for
enhancement purposes, appellant would still not be an habitual offender under
the statute because the attempted possession offense was not committed after
the escape conviction became final.  The
information supporting the attempted possession offense alleges that appellant
committed the offense Aon or about@ January
30, 2000.  If, in fact, appellant
committed the attempted possession offense on January 30, 2000, it would be
impossible for the attempted possession offense to have been committed after
the escape conviction became final on February 9, 2000.   





[3]  Because of our
disposition of appellant=s first issue, we need not address her second
issue.  See Tex. R. App. P. 47.1.