Crystal Yvette **ROBERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–10–00907–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 7, 2012.

Leah M. Borg, Houston, TX, for appellant.

Lisa G. Porter, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

JANE BLAND, Justice.

After a jury found Crystal Yvette Roberson guilty of aggravated assault, Roberson pleaded true to two enhancement paragraphs, based on two prior convictions—an August 28, 1989 conviction for aggravated assault and a July 8, 1991 conviction for possession with intent to deliver cocaine. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2005) (aggravated assault); Act of May 18, 1989, 71st Leg., R.S. ch. 678, § 1, secs. 481.192, 3(D) (cocaine), 481.112(a), (b), 1989 Tex. Gen. Laws 2230, 2928, 2935 (former TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(d), 481.112(a), (b) (since amended)). The jury assessed punishment at thirty years' imprisonment. On appeal, Roberson contends that: (1) the evidence is insufficient to support the jury's finding—congruent with her "true" plea—on the second enhancement paragraph as alleged in the indictment; (2) the trial court abused its discretion in granting the State's motion to cumulate her sentence; and (3) the trial court's cumulation order is void. We hold that: (1) the evidence supports the enhancement of Roberson's sentence under the habitual offender statute; (2) Roberson waived her complaint to the trial court's decision to cumulate her sentence; and (3) the cumulation order is not void. We therefore affirm.

## Background

Roberson does not dispute the facts leading to her conviction on the primary offense. In connection with the punishment phase, the State sought to increase Roberson's sentence by proving two prior convictions to show habitual offender status. The indictment recites the enhancement paragraphs in reverse chronological order, as follows:

> Before the commission of the offense alleged above, (herein styled the primary offense), on JULY 8, 1991, in Cause Number 0590710, in the 177TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE.

> Before the commission of the primary offense, and after the conviction in Cause Number 0590710 was final, the Defendant was convicted of the felony of AGGRAVATED ASSAULT and was finally convicted of that offense on AUGUST 28, 1989, in Cause Number 475567, in the 232ND DISTRICT COURT of HARRIS County, Texas.

The State's proof for the second paragraph shows a commission date of May 13, 1987 and a conviction date of August 28, 1989. The State's proof for the first enhancement paragraph shows a commission date of March 2, 1991 and a conviction date of July 8, 1991.

The State also moved to cumulate the sentence with that of Roberson's preceding conviction. The trial court granted the motion by signing an order that recites: "The foregoing Motion to Cumulate Sentence is hereby GRANTED . . . on . . . Oct 18, 2010 . . . ."

## Discussion

### I. *Habitual Offender Status*

■ Roberson first challenges the trial court's application of the habitual offender statute to enhance her sentence. An habitual offender is a person shown to have "previously been finally convicted of two

felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final...." TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2011). Roberson contends that the evidence is insufficient to support the jury's finding of "true" to the second enhancement paragraph because the offense did not occur, and could not have occurred, in the sequence alleged in the indictment.

■ Generally, a defendant's true plea to an enhancement paragraph relieves the State of its burden to prove habitual offender status, and the defendant waives any complaint that the evidence is insufficient to support it. *See Harvey v. State,* 611 S.W.2d 108, 111 (Tex.Crim.App.1981); *Cruz v. State,* No. 01–00–00463–CR, 2001 WL 1168273, *1 (Tex.App.-Houston [1st Dist.] Oct. 4, 2001, no. pet.) (not designated for publication). Here, however, Roberson relies on the exception initially set forth in *Sanders v. State,* 785 S.W.2d 445 (Tex. App.-San Antonio 1990, no pet.), that applies when a defendant pleads true to an enhancement paragraph allegation but the record shows that the prior conviction was not final and thus should not have been used for enhancement. *See Ex parte Rich,* 194 S.W.3d 508, 513–14 (Tex.Crim.App. 2006) (citing *Sanders,* 785 S.W.2d at 448). Roberson specifically relies on the application of the *Sanders* rule in *Mikel v. State,* 167 S.W.3d 556 (Tex.App.-Houston [14th Dist.2005, no pet.], in which the enhancement paragraphs included an allegation that the second offense was committed before the defendant had been finally convicted for the first offense. *See Mikel,* 167 S.W.3d at 559.

We find these cases distinguishable. In *Sanders* and *Mikel,* the record in each case affirmatively showed that one of the convictions to which the defendant had pleaded true lacked finality and, as a re-

sult, could not apply to prove habitual offender status. *See Sanders,* 785 S.W.2d at 448; *Mikel,* 167 S.W.3d at 558–59. Here, the record affirmatively shows the contrary—that both prior convictions met section 12.42(d)'s requirements and were final.

■ The circumstances here more closely resemble those in *Wilson v. State.* No. 14–03–00182–CR, 2004 WL 2360011 (Tex. App.-Houston [14th Dist.] Oct. 21, 2004, no pet.) (not designated for publication). The indictment in that case alleged that (1) the primary offense occurred on February 25, 2000, (2) the defendant was convicted of felony driving while intoxicated on March 3, 1988, before commission of the primary offense, and (3) after the felony DWI conviction was final, the defendant was convicted of theft on August 22, 1980. *Id.* at *1. Unlike the cases in which the record affirmatively disproves the applicability of the habitual offender status, the claimed defect here is one of the ordering of the enhancement paragraphs and not the substance—that Roberson was found guilty of each enhancement, and both convictions are final. The order in which the State alleges prior convictions in the indictment is not an element of the crime and does not determine finality. Observing that the enhancement paragraphs serve to provide notice of the prior conviction on which the State relies, the court in *Wilson* observed that the facts supporting enhancement need not be alleged with the same particularity required in charging the defendant with the primary offense. *Id.* at *2 (citing *Hollins v. State,* 571 S.W.2d 873, 876 n. 1 (Tex.Crim.App.1978)). In upholding the conviction, the court of appeals observed that the enhancement paragraphs identified the prior convictions by cause number, court, count, and offense—"more than enough information for appellant to find the records and litigate his identity as the

convict." *Id.* Roberson's objection at trial—that the enhancement paragraphs were faulty and should be flipped—obviates any contention that she was misled by the error. Following *Wilson,* we hold that the trial court did not err in applying the habitual offender statute to enhance Roberson's sentence.

## II. Cumulation Order

■ For the first time on appeal, Roberson complains that the trial court abused its discretion in cumulating her sentences because the State did not present evidence to support its motion to cumulate. Roberson did not file a written response to the State's motion to cumulate, nor did she orally raise this specific objection before the court below. As a result, we hold that Roberson has waived this complaint. *See* Tex.R.App. P. 33.1.

■ Roberson also challenges the validity of the trial court's cumulation order. Relying on *Ex parte San Migel,* 973 S.W.2d 310 (Tex.Crim.App.1998), and *Ward v. State,* 523 S.W.2d 681 (Tex.Crim. App.1975), Roberson contends that to be valid, the order must expressly recite the following information concerning the preceding conviction: (1) the trial court case number; (2) the date; (3) the sentence imposed; and (4) the nature of the offense of which the defendant was convicted. *San Migel,* 973 S.W.2d at 311; *Ward,* 523 S.W.2d at 682.

These cases do not support Roberson's contention. While the Court of Criminal Appeals has recommended the inclusion of this information, it has not made inclusion of all of the elements necessary for a valid order. *See San Migel,* 973 S.W.2d at 311 (rejecting habeas applicant's assertion that the cumulation order was void because it recited only the name of the county of the prior conviction and explaining that while cumulation order "should contain" specified information, "a cumulation order not setting out all of the requirements may, in some circumstances, be valid"); *Ward,* 523 S.W.2d at 682 (observing that "[i]t has been recommended that the [cumulation] orders contain" specified information).

■ "To be valid, a cumulation order need only be "sufficiently specific to allow the Texas Department of Criminal Justice—Institutional Division ... to identify the prior with which the newer conviction is cumulated." *San Migel,* 973 S.W.2d at 311. Here, the motion attached to the trial court's order recites the preceding conviction's trial court cause number and the nature of the offense for which Roberson was convicted. It also contains the date on which she was charged with that offense and explains that she was charged in the same trial court as the current proceeding. In orally pronouncing Roberson's sentence, the trial court declared that the sentence it imposed "will be carried out after the sentence in cause number 100790 is final." These details make sufficiently clear the identity of the prior sentence onto which the court stacked the new sentence. *See Harris v. State,* No. 01–08–00261–CR, 2009 WL 4856416, *15 (Tex. App.-Houston [1st Dist.] Dec. 17, 2009, pet. ref'd) (not designated for publication) (citing *Hill v. State,* 213 S.W.3d 533, 537 (Tex.App.-Texarkana 2007, no pet.)).

### Conclusion

We hold that the evidence sufficient to support the enhancement of Roberson's sentence under the habitual offender statute. We further hold that Roberson waived her complaint concerning the trial court's decision to cumulate her sentence and that the cumulation order is not void. We therefore affirm the judgment of the trial court.

Justice SHARP, dissenting with opinion.

JIM SHARP, Justice, dissenting.

I respectfully and reluctantly dissent because I believe this case is controlled by the Fourteenth Court's opinion in *Mikel v. State*, 167 S.W.3d 556 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

In her first issue, Roberson contends that the evidence to support the jury's findings on the enhancement paragraphs—to which she plead true—was legally insufficient. The enhancement paragraphs in the indictment recite the following:

> Before the commission of the offense alleged above, (herein styled the primary offense), on JULY 8, 1991, in Cause Number 0590710, in the 177TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE.

> Before the commission of the primary offense, and after the conviction in Cause Number 0590710 was final, the Defendant was convicted of the felony of AGGRAVATED ASSAULT and was finally convicted of that offense on AUGUST 28, 1989, in Cause Number 475567, in the 232ND DISTRICT COURT of HARRIS County, Texas.

Roberson points out the obvious chronological impossibility of the 1989 conviction occurring after the 1991 conviction. She also acknowledges the general rule that when a defendant pleads true to an enhancement paragraph, the State is relieved of the burden of proving the enhancements, and the defendant cannot complain

on appeal that the evidence is insufficient to support the enhancements. *See Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim. App.1981).

Roberson contends her case falls into the *Sanders* exception, which allows a defendant to challenge an enhancement if the record "affirmatively reflects" that a prior conviction was not final. *See Sanders v. State*, 785 S.W.2d 445, 448 (Tex.App.-San Antonio 1990, no pet.); *see also Ex parte Rich*, 194 S.W.3d 508, 513–14 (Tex.Crim. App.2006). In a 2001 opinion that was not designated for publication, and therefore not precedential, this Court expanded the *Sanders* exception in a case in which the trial court improperly used a state jail felony as a prior conviction for enhancement.[1] *Cruz v. State*, No. 01–00–00463–CR, 2001 WL 1168273 (Tex.App.-Houston [1st Dist.] Oct. 4, 2001, no pet.) (not designated for publication); *see* Tex.R.App. P. 47.7(a) (allowing citation of criminal opinions not designated for publication).

The Fourteenth Court of Appeals in *Mikel* agreed with our statement in *Cruz* that the *Sanders* exception applies to any case in which a defendant pleads true to an enhancement paragraph and the record affirmatively reflects that the prior conviction should not have been used for enhancement purposes. *Mikel*, 167 S.W.3d at 559–60 (citing *Cruz*, 2001 WL 1168273, at *1). The Fourteenth Court, however, used *Cruz* as a basis for reversing the sentence because "the offense did not occur in the sequence alleged by the indictment."[2] *Mikel*, 167 S.W.3d at 560. The

---

1. Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, sec. 12.42(e), 1995 Tex. Gen. Laws 2734, 2735 (former Tex. Penal Code § 12.42(e), since repealed) (prohibiting use of state jail felony for enhancement purposes).

2. The enhancement paragraphs were as follows:

[1st] Before the commission of the offense alleged above (hereafter styled the primary offense) on May 23, 2002, in Cause No. 00199814, in the 16th District Court of St. Martin Parish, Louisiana, the Defendant was convicted of the felony of attempted possession with intent to distribute marihuana.

*Mikel* Court discussed a second problem in the case, noting that even if the prior convictions were to have been put in the proper sequence, the record revealed that the primary offense for which the defendant was convicted was committed on January 30, 2000 and could not have been committed after the February 9, 2000 and May 23, 2002 convictions became final. *Id.* at 559 n. 2. While this second level of error made an enhancement under Penal Code section 12.42(d) impossible, the Fourteenth Court's explicit reason for reversing was the legal insufficiency of the sequence in which the prior convictions were alleged in the indictment. *Mikel,* 167 S.W.3d at 560.

This Court has cited *Mikel* for the more general proposition that we discussed in *Cruz. See Magic v. State,* 217 S.W.3d 66, 71 (Tex.App.-Houston [1st Dist.] 2006, no pet.). I would distinguish *Mikel* and acknowledge that the judgment in that case was correct for the reasons discussed in footnote 2. I also disagree with the holding in *Mikel,* which is that a mere mistake in the sequence in which prior convictions are alleged constitutes an exception to the *Sanders* rule and requires that mistake to be analyzed under legal sufficiency. *See Mikel,* 167 S.W.3d at 560. But my opinion is not a basis on which to affirm, because the Court of Criminal Appeals has ex-

pressly agreed with the rationale of *Mikel. See Ex parte Rich,* 194 S.W.3d at 514.

As an intermediate appellate court, we are not free to disregard pronouncements from higher courts. *See In re K.M.S.,* 91 S.W.3d 331, 331 (Tex.2002); *Purchase v. State,* 84 S.W.3d 696, 701 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Because the Court of Criminal Appeals has agreed with the rationale of *Mikel,* I believe we must follow it, even though I welcome the Court of Criminal Appeals to reconsider its approval of *Mikel.*[3]

Accordingly, I would sustain Roberson's first issue and would not reach the remaining two issues that address the order that her sentence run consecutively beginning from the completion of a prior judgment and sentence. I would reverse the portion the judgment regarding Roberson's sentence and remand the case to the trial court for a new punishment hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp.2011).

[2nd] Before the commission of the primary offense and after the conviction in cause number 00199814 was final, the Defendant committed the felony offense of escape and was finally convicted of that offense on February 9, 2000 in Cause No. 835844, in the 182nd District Court of Harris County, Texas.
*Mikel,* 167 S.W.3d at 558. Obviously the defendant in *Mikel* could not have committed "the second" offense, which resulted in a February 9, 2000 conviction, *after* "the first" offense became final on May 23, 2002.

3. I certainly do not agree—as does the majority—that we should follow a four-page, no pet., nonprecedential memorandum opinion

written eight months before the *Mikel* opinion issued, which affirmed the defendant's conviction based on waiver due to his failure to object in the trial court to the indictment. *See Wilson v. State,* No. 14-03-00182-CR, 2004 WL 2360011 (Tex.App.-Houston [14th Dist.] Oct. 21, 2004, no pet.) (mem. op., not designated for publication). The author of *Mikel* was Justice Seymore, who was also on the panel that decided *Wilson.* In deference to our sister court of appeals and in recognition of our duty to follow the jurisprudence of the Court of Criminal Appeals, I do not place such great stock in *Wilson's* belt-and-suspenders nonprecedential dicta.