FILED IN
COURT OF CRIMINAL APPEALS

October 16, 2015

ABEL ACOSTA, CLERK

PD-0794-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/15/2015 4:54:18 PM
Accepted 10/16/2015 7:08:53 AM
ABEL ACOSTA
CLERK

NO. PD-0794-15

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ESSIE D. HOPKINS**
Appellant/Petitioner
vs.
**THE STATE OF TEXAS,**
Appellee/Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal from
the 291st District Court
Dallas County, Texas
Trial Court Cause No. F-13-55764-U
and
The Court of Appeals for the Fifth District of Texas at Dallas
Appellate Cause No. 05-14-00146-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BRIEF OF APPELLANT**
**UPON GRANT OF PETITION**
**FOR DISCRETIONARY REVIEW**

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No. 214.870.3440
E-mail: judge.mitchell@gmail.com

Attorney for Petitioner/Appellant

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

PRESIDING JUDGE:    The Honorable Jennifer Balido, 291st District Court
Dallas County, Texas

PARTIES:    Essie D. Hopkins, Appellant/Petitioner

The State of Texas, Appellee/Respondent

Counsel:    **Trial counsel for appellant**:
Larry Baraka, 1215 E. McKinney Street, Ste. 203
Denton, Texas 76209

**Appellate Counsel for appellant**:
Lori Ordiway (now employed by the Dallas County
District Attorney's Office)
133 N. Riverfront Blvd., Dallas, Texas 75207

**Petition for Discretionary Review Counsel**:
Lawrence B. Mitchell, P.O. Box 797632,
Dallas, Texas 75379

**Trial counsel for the State**:
Assistant District Attorneys:
Jeff Matovich and Robin Pittman
133 N. Riverfront Blvd., Dallas, Texas 75207

**Appellate and Petition counsel for the State**:
Assistant District Attorney Patricia Noble;
Susan Hawk, Criminal District Attorney, Dallas County,
Texas or her designated representative,
133 N. Riverfront Blvd., Dallas, Texas 75207

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel.................................................................i

Table of Contents ......................................................................................ii

Index of Authorities....................................................................................iii

Statement of the Case  .................................................................................2

Issue Presented..........................................................................................2

I.

## THE EVIDENCE IS LEGALLY INSUFFICIENT TO PROVE THE ENHANCEMENT ALLEGATIONS AND TO ENHANCE APPELLANT'S PENALTY RANGE TO THAT OF AN HABITUAL OFFENDER

Statement of Facts.....................................................................................3

Summary of the Argument..........................................................................4

Argument...................................................................................................5

Prayer for Relief.........................................................................................9

Certificate of Word-Count Compliance......................................................10

Certificate of Service..................................................................................10

# INDEX OF AUTHORITIES

## Cases:

*Derichsweiler v. State*, 359 S.W.3d 342 (Tex. App. - Ft. Worth 2012)..................5

*Ex Parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006)............................................8

*Jordan v. State*, 256 S.W.3d 286 (Tex. Crim. App. 2008)..........................................6

*Mikel v. State*, 167 S.W. 3d 556 (Tex. App. - Houston [14th Dist.] 2005)...............8

*Roberson v. State*, 420 S.W.3d 832 (Tex. Crim. App. 2013)....................................7

*Sanders v. State*, 785 S.W. 2d 445 (Tex. App. - San Antonio 1990)........................8

*Tomlin v. State*, 722 S.W.2d 702 (Tex. Crim. App. 1987)........................................5

*Wilson v. State*, 671 S.W.2d 524 (Tex. Crim. App. 1984)........................................6

## STATUTES:

TEX. PENAL CODE §12.42 (d)...........................................................................................5

TEX. PENAL CODE §29.03 (a) (2) & (b)..........................................................................2

## Texas Rules of Appellate Procedure:

TEX. R. APP. P. 9.4 (i) (3)..............................................................................................10

TEX. R. APP. P. 9.4 (i) (1)..............................................................................................10

TEX. R. APP. P. 9.4 (i) (2) (B)........................................................................................10

NO. PD-0794-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

**************************

**ESSIE D. HOPKINS**
Appellant/Petitioner
vs.
**THE STATE OF TEXAS**,
Appellee/Respondent
********************************

On Appeal from
the 291ˢᵗ District Court
Dallas County, Texas
Trial Court Cause No. F-13-55764-U
and
The Court of Appeals for the Fifth District of Texas at Dallas
Appellate Cause No. 05-14-00146-CR
********************************

To The Honorable Judges of the Court of Criminal Appeals:

COMES NOW Essie D. Hopkins, appellant herein, and respectfully submits this his brief on appeal and petition from his conviction for the offense of Aggravated Robbery. Judgement was rendered in the 291ˢᵗ District Court of Dallas County, Judge Jennifer Balido presiding.

1

# STATEMENT OF THE CASE

In Cause No. F13-55764-U at trial and Cause No. 05-14-00146-CR on appeal, appellant was charged by indictment returned by the Dallas County Grand Jury with the first degree felony offense of Aggravated Robbery. The case was assigned to the 291st Judicial District Court for disposition. The indictment alleged an offense prohibited by **TEX. PENAL CODE §29.03 (a) (2) & (b).** The penalty range was enhanced with allegations of two previous felony convictions. [CR: 14, 17]. Appellant entered a plea of "Not Guilty" before the jury. [RR 3: 9, 12-13]. Based upon appellant's plea and the evidence presented, the jury found appellant guilty of the offense of Aggravated Robbery. [CR: 36: RR 4: 53].

Punishment issues were submitted to the district court. Appellant entered a plea of "True" to both enhancement allegations. The district court entered a "True" verdict to each of the enhancement allegations and punishment was set at confinement in the penitentiary for life. Notice of appeal was timely given. [CR: 43].

# ISSUE PRESENTED

I.

*THE EVIDENCE IS LEGALLY INSUFFICIENT TO PROVE THE ENHANCEMENT ALLEGATIONS AND TO ENHANCE APPELLANT'S PENALTY RANGE TO THAT OF AN HABITUAL OFFENDER*

## STATEMENT OF FACTS

Appellant was indicted for the first degree felony offense of Aggravated Robbery. The indictment alleged a single enhancing paragraph containing one felony conviction. [CR: 14]. In a separate pleading the State alleged another felony conviction. [CR: 17]. At trial appellant entered a plea of "True" to both enhancement allegations. [RR 5: 7-8]. The State did not offer penitentiary packets to provide proof of the prior convictions.

The enhancement allegation in the indictment alleged that the prior conviction, for aggravated assault, occurred prior to the commission of the offense "...set out above..." clearly referring to the indicted offense. [CR: 14]. The date alleged was August 29, 2003 and the convicting court was the 195th District Court of Dallas County, Texas.

The notice pleading is not so clear as to the date of conviction or the sequence of the conviction as related to the indicted offense or the indictment's enhancement allegation. [CR: 17]. That pleading alleges that "...prior to the commission of the "aforesaid offense" appellant was convicted of the offense of aggravated assault on "January 4th" in Criminal District Court No. 3 in Dallas County, Texas. Whether the "aforesaid offense" is the offense for which appellant was indicted or the offense for which he was previously convicted is not specifically pled. Beyond question,

3

though, the pleading fails to state the date of the prior conviction other than the reference to a month and a day without a reference to the year of the conviction.

## SUMMARY OF THE ARGUMENT

Even though appellant plead "True" to the two prior convictions alleged for enhancement of the penalty range, the evidence is legally insufficient to prove the proper sequencing of the two felony convictions as legally required since the second enhancement allegation provided a date consisting only of a month (January) and a day (the 4th). The State's evidence did not prove that one prior conviction was final before the other prior conviction or before the primary charged offense.

# ARGUMENT

The law concerning sufficiency of the evidence to prove enhancement for habitual felony offenders is well settled. **TEX. PENAL CODE §12.42 (d)** provides, in pertinent part:

> [I]f it is shown on the trial of a felony offense other than a state jail felony ... that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years nor less than 25 years.

Thus, the statute requires the State to prove this chronological sequence of events:

> (1) the first conviction becomes final;
>
> (2) the offense leading to a later conviction is committed;
>
> (3) the later conviction becomes final;
>
> (4) the offense for which the defendant presently stands accused is committed.

See *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987). This proof is required even though the State need not allege sequentiality in the pleading documents. See *Derichsweiler v. State*, 359 S.W.3d 342, 349 (Tex. App. - Ft. Worth 2012).

In the instant cause, the indictment properly alleged that appellant had

5

committed and been convicted of a felony offense prior to the commission of the primary offense alleged in the indictment. However, the second enhancement pleading did not allege that a second conviction was committed and final before either the primary offense or the other enhancement allegation. The plea to the second enhancement allegation did not prove that it was final before the primary offense or the other enhancement allegation. Appellant's plea of "True" to the second enhancement offense admitted the conviction but not when the conviction was obtained or became final. Appellant's pleas of "True," without other evidence, did not prove that the two enhancing allegations were sequential [i.e, conviction, commission, conviction]. See *Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008).

In resolving the issue below, the court of appeals cited to only two prior decisions by this Honorable Court. The first is irrelevant to the issue presented and the second, in fact, is favorable to appellant's complaint.

The first case cited by the court of appeals was *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984). While the court of appeals correctly notes that the case stands for the proposition that a plea of "True" is evidentiary in nature and sufficient to prove an enhancement allegation, it does not resolve the issue presented by appellant or even address it. Wilson's information (he was charged with a

misdemeanor offense) contained only a single enhancement allegation. The question as to whether a plea of "True" to two sequential enhancement allegation was sufficient to prove the sequence of the convictions was not presented nor resolved in the *Wilson* appeal.

The court of appeals cited to a second case for the proposition that an appellant who pleads true to enhancement allegations and *and the sequence of the convictions*, relieves the State from the burden of proving the prior convictions. See *Roberson v. State*, 420 S.W.3d 832, 838 (Tex. Crim. App. 2013). By implication *Roberson* holds that a plea of true, standing alone, is not sufficient evidence to prove the sequence of the enhancement allegations.

In *Roberson* the defendant was accused by an indictment with a felony offense which also contained two allegations of prior felony convictions. However, the enchantment allegations were transposed: the older conviction was alleged first and the newer conviction was alleged second. When the indictment allegations were read to the jury, the prosecutor read them in reverse order so that the newer conviction was read first followed by the older conviction. The defendant pled "True" to both allegations as read by the prosecutor.

Roberson argued on direct appeal, and then by way of Petition for Discretionary Review, that the evidence did not prove the proper sequence of the

convictions because of the order in which they were pled in the indictment. The court of appeals, as did this Honorable Court, found against Roberson. However, the basis of the rulings was not that the proper sequence of conviction was proven by the "True" pleas. Rather the court of appeals and this Court looked to the evidentiary record to determine if the proper sequence had been proven. Both courts held that the record affirmatively established that Roberson's prior convictions met the statutory chronology requirement for the habitual offender punishment range. Roberson's record evidence contained penitentiary packets that established that the two convictions did in fact occur in the required order. "Thus the state met its burden as the evidence is sufficient to prove the statutorily required sequence of conviction in order for (Roberson's) punishment range to be enhanced to that of a habitual offender." *Roberson*, 420 S.W.3d at 840. The pleas of "True" standing alone did not, in that case, prove the proper chronology.

In *Ex Parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) this Court states the general rule that a plea of "True" to an enchantment allegation relieves the State of its burden of proving the prior conviction. However, the Court recognized that there was an exception to that general rule "...when the record affirmatively reflects that the enhancement itself was improper." *Id*; also see *Mikel v. State*, 167 S.W. 3d 556, 558-59 (Tex. App. - Houston [14th Dist.] 2005) and *Sanders v. State*,

785 S.W. 2d 445, 448 (Tex. App. - San Antonio 1990).

In the instant cause, the enhancing pleading failed to contain a reference to the year date of the second enhancing conviction. The State did not offer any evidence into the record that proved the proper chronology of the two convictions. Since the record affirmatively establishes that the State did not prove the appropriate chronology of the enhancing offenses, appellant argues that the evidence is insufficient to prove the second allegation. Therefore, appellant is entitled to a new punishment hearing.

## PRAYER FOR RELIEF

Appellant prays that this Honorable Court find the evidence insufficient to prove the second enhancement allegation and that the case be reversed and remanded to the district court for a new punishment hearing.

Respectfully submitted,

/s/Lawrence B. Mitchell

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
214.870.3440
judge.mitchell@gmail.com

Counsel for Petitioner/Appellant

9

## CERTIFICATE OF WORD-COUNT COMPLIANCE

I hereby certify, in compliance with Rule 9.4 (i) (3) of the Texas Rules of Appellate Procedure, that this document contains 1,604 words, including all contents except for the sections of the Petition to be excluded by Rule 9.4 (i) (1) of the Texas Rules of Appellate Procedure, and in compliance with Rule 9.4 (i) (2)(B) of the Texas Rules of Appellate Procedure.

/s/ Lawrence B. Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Brief is being served of this the 15th day of October, 2015 via the service function in eFile Texas, on the attorneys for the State: (1) Patricia Noble, Assistant District Attorney, Dallas County, Texas to pnoble@dallascounty.org and (2) the State Prosecuting Attorney at information@spa.texas.gov.

/s/ Lawrence B. Mitchell