In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00445-CR
_____

BRENT WALLACE SPARCINO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 17-05-06445-CR

MEMORANDUM OPINION

Brent Wallace Sparcino (Sparcino or Appellant) appeals his conviction for possession with intent to deliver or manufacture a controlled substance, a first-degree felony. Sparcino pleaded guilty to the charge and pleaded "true" to both enhancement paragraphs, which alleged consecutive convictions for two prior felonies. The trial court accepted his pleas and conducted a punishment hearing. The trial court sentenced Sparcino to forty-five years in prison. In his sole issue on appeal, Sparcino argues that there was insufficient evidence that he had previously

1

been convicted of arson as alleged in the second enhancement paragraph. We affirm the trial court's judgment.

## The Indictment

On July 26, 2017, a grand jury indicted Sparcino for "possession with intent to deliver/manufacture [a] controlled substance," alleging that:

> . . . Brent Sparcino, on or about May 23, 2017, and before the presentment of this indictment, . . . did then and there knowingly possess with intent to deliver a controlled substance, namely, methamphetamine, in an amount of four grams or more but less than 200 grams by aggregate weight, including adulterants and/or dilutants,

> Enhancement Paragraph A
> And the GRAND JURY further presents that said Defendant, Brent Sparcino, was convicted of a felony, to wit: Possession of Controlled Substance on February 13, 2017 in the 177th District Court of Harris County, Texas in Cause No. 147730201010 under the name of Brent Sparcino and said conviction became final prior to the commission of the aforesaid offense in Count I of this Indictment.

> Enhancement Paragraph B
> And the GRAND JURY further presents that said Defendant, Brent Sparcino, was convicted of a felony, to wit: Arson on April 14, 2003 in the 403rd District Court of Travis County, Texas in Cause No. D1-DC-02-202139 under the name of Brent Wallace Sparcino and said conviction became final prior to the commission of the aforesaid offense in Count I and Enhancement Paragraph A of this Indictment.

## Analysis

Sparcino argues the evidence is insufficient to support the trial court's finding that he had been previously convicted of arson as alleged in Enhancement Paragraph

B. According to Sparcino, although the judgment that the State entered into evidence includes the same "court number and date" as that alleged in Enhancement Paragraph B, the judgment indicates that "Brent Wallace Gray" was convicted of arson in 2003, and the name on the judgment does not match the name alleged in Enhancement Paragraph B of the indictment. Sparcino also contends the cause number alleged in Enhancement Paragraph B of the indictment differs from the cause number in the associated pen packet admitted into evidence.

Generally, "a plea of true to an enhancement paragraph relieves the state of its burden to prove a prior conviction alleged for enhancement and forfeits the right to appeal the insufficiency of evidence to prove the prior conviction[.]" *Roberson v. State*, 420 S.W.3d 832, 838 (Tex. Crim. App. 2013); *see also Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981) ("[A]n accused, having entered a plea of 'true' to an enhancement paragraph of the indictment, cannot be heard to complain that the evidence is insufficient to support same. In fact, if an indictment contains two enhancement allegations and the accused pleads 'true' to the allegations concerning the prior convictions, the punishment is absolutely fixed by law[.]"). The sufficiency of the evidence in this context should be measured by the elements of a hypothetically correct jury charge for the enhancement, as defined by the statutes. *Roberson*, 420 S.W.3d at 841 (citing *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim.

3

App. 2000)). The statute at issue, section 12.42(d) of the Texas Penal Code, permits the enhancement of punishment for a habitual offender upon poof of the prior convictions in the required manner. *Id.*; *see also* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2017).

Sparcino acknowledges the general rule that a plea of true to the enhancement would normally be sufficient proof to meet the State's burden and would waive his right to appeal the sufficiency of the evidence to prove the prior conviction. However, Sparcino cites to *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) and *Sanders v. State*, 785 S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.), and argues the record reflects that Enhancement Paragraph B to which he pleaded "true" was "manifestly not true[,]" and the facts fall under an exception to the general rule. According to Sparcino, without Enhancement Paragraph B, he would have been eligible for a sentence of less than twenty-five years, and he may have been able to negotiate an acceptable plea bargain with the State, or he may have exercised his right to a trial.

In *Roberson*, the Texas Court of Criminal Appeals explained the exception as provided for in *Ex parte Rich* and *Sanders*:

> In *Ex parte Rich*, 194 S.W.3d at 513, we determined that the applicant's plea of "true" to enhancement allegations did not preclude him from raising, for the first time in a writ of habeas corpus, a claim of an illegal sentence based on an improper enhancement when one of

4

the prior convictions to which Rich plead "true" was actually a misdemeanor and had been improperly used to enhance his sentence. We noted the general rule that a plea of true to an enhancement paragraph relieves the state of its burden to prove a prior conviction alleged for enhancement and forfeits the right to appeal the insufficiency of evidence to prove the prior conviction[] but recognized an exception when the record affirmatively reflects that the enhancement itself was improper. *Id.* We recognized that the exception originated in *Sanders v. State*, 785 S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.).

In *Sanders*, following the jury's guilty verdict, the defendant plead "true" to an enhancement paragraph that alleged a single prior and final felony conviction. It was subsequently determined that the alleged prior felony was not final prior to the commission of the charged offense and thus could not be used to enhance punishment, in spite of the plea of true. *Id.* at 448.

. . . . In *Rich*, 194 S.W.3d at 511-12, we pointed out that, because one of the convictions that had been used to enhance Rich's punishment had been reduced to a misdemeanor, as a matter of law that prior conviction could not be used to sentence him as a habitual offender. He was therefore sentenced in violation of the law, and such an illegal sentence was challengeable by a writ of habeas corpus. *Sanders* involved an enhancement allegation that could not be used to enhance punishment because the conviction was not final before the charged offense was committed.

*Roberson*, 420 S.W.3d at 838.

According to the appellate record, Brent Wallace Gray was convicted of arson (a second-degree felony) in 2003. Brent Wallace Sparcino was convicted of possession of methamphetamine (a second-degree felony) on February 13, 2017, and Brent Sparcino subsequently committed the instant offense on May 23, 2017. Sparcino does not argue that he is not the same person as Brent Wallace Gray or that

5

he did not commit the arson reflected in the respective pen packet, nor does he contend that the arson conviction was not a felony conviction that became final prior to his commission of the current charged offense. Sparcino has failed to demonstrate that the record here affirmatively reflects that Enhancement Paragraph B alleging the arson conviction itself was improper. *Cf. Rich*, 194 S.W.3d at 511-12; *Sanders*, 785 S.W.2d at 448; *see also Williams v. State*, 309 S.W.3d 124, 131 (Tex. App.— Texarkana 2010, pet. ref'd) (after appellant pleaded true to two sentence enhancements, he was permitted to challenge enhancement because record affirmatively reflected prior conviction was not final and State offered no contrary proof). We conclude that the exception under *Sanders* and *Rich* is inapplicable. Appellant's plea of true to Enhancement Paragraph B relieved the State of its burden to prove it, and Appellant waived his right to challenge the sufficiency of the evidence to support it. *See Roberson*, 420 S.W.3d at 838.[1]

Even if Sparcino had not waived his right to challenge the sufficiency of the evidence to support the enhancement for his previous conviction for arson, the State

---

[1] Sparcino does not claim that he lacked notice of the State's intent to enhance punishment or that he was misled. *See Roberson v. State*, 420 S.W.3d 832, 840 (Tex. Crim. App. 2013). At the sentencing hearing, Sparcino admitted that he and his friends were involved in the arson, that a shed was set on fire, and that he was placed on seven years' probation after pleading guilty to arson as reflected in the pen packet. However, Sparcino denied that he was the individual who set the fire.

admitted two penitentiary packets and a fingerprint expert testified that the fingerprints on the penitentiary packets and multiple judgments matched Sparcino's prints. Also, a 2002 evading arrest conviction for "Brent Gray" was admitted into evidence at the sentencing hearing, and Sparcino testified that he was the same person who was convicted of that offense. The State's evidence sufficiently linked Sparcino to the arson conviction listed in Enhancement Paragraph B. Even if Sparcino had not waived his right to challenge the sufficiency of the evidence, the State presented proof in the required manner and the evidence is sufficient to prove the "true" finding on Enhancement Paragraph B. We overrule Appellant's sole appellate issue. We affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 17, 2018
Opinion Delivered September 19, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.