December 2ND, 2015

34,388-13

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 08 2015

Abel Acosta, Clerk

ABEL ACOSTA
CLERK

COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

RE: Trial Court Case # 1259653-C

TO: Honorable Judge SHARON KELLER,

Màam, I am at this Courts Mercy. Today I received correspondence from your clerk Mr. ABEL ACOSTA, here re-sponded to a letter I'd written concerning my §11.07 writ of Habeas Corpus, that Harris County Clerk Chris Daniel claimed he's forwarded Respondent's Proposed Findings of Fact and Order October 22, 2015. I also have (2) other copies in which I received from Devon Anderson District Attorney and a 2nd copy of STATE'S ORIGINAL ANSWER, Stating my §11.07 Writ of Habeas Corpus was filed in this Court.

Please find enclosed (1) copy of STATE'S ORIGINAL ANSWER TO MY WRIT NO. 1259653-C.

Also Note: My Ground One Question on my WRIT Application was: Whether the trial court had Jurisdiction to convict petitioner

of assault by causing bodily injury as a lesser-included offense of under indictment charging the offense of aggravated assault using a deadly weapon.

Ma'am, if your court does not have my writ as Harris County claims must I file another Writ of Habeas Corpus?

Also, Yes Ma'am I'm now writing to the District Court concerning this matter. Trial Court's <u>trying to confuse the matters!</u>

Any and all assistance concerning this matter is greatly appreciated.

Thank You Ma'am, Respectfully Submitted

<u>Crystal Y. Roberson # 1915067</u>
Petitioner Pro Se
(Lane Murray Unit)
1916 N. Hwy 36 Bypass
Gatesville, TX 76596

TDCJ-000
LAW LIBRARY

NO: 1259653-C

| | | |
|---|---|---|
| EX PARTE | § | IN THE 262ND DISTRICT |
| | § | COURT OF |
| CRYSTAL Y. ROBERSON, Applicant | § | HARRIS COUNTY, T E X A S |

## STATE'S ORIGINAL ANSWER

The State of Texas, through its Assistant District Attorney for Harris County, files this, its original answer in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc. Code art. 11.07 § 3, and would show the following:

### I.

The applicant is confined pursuant to the judgment and sentence of the 262nd District Court of Harris County, Texas, in cause number 1259653, where the applicant was convicted by a jury of the felony offense of aggravated assault of a family member. The jury assessed punishment at 30 (thirty) years confinement in the Texas Department of Criminal Justice - Institutional Division.

The applicant's conviction was initially affirmed by the First Court of Appeals. *Roberson v. State*, 371 S.W.3d 557 (Tex. App. – Houston [1st Dist.] 2013, pet. granted). The Court of Criminal Appeals granted the applicant's petition for discretionary review on February 11, 2013. The applicant's conviction was affirmed by the Court. *Roberson v. State*, 420 S.W.3d 832 (Tex. Crim. App. 2013).

The applicant's initial application for writ of habeas corpus, cause number 1259653-A, was dismissed on May 9, 2012, because it was filed before the applicant's appeal was final. *Ex parte Roberson*, WR-34,388-11 (Tex. Crim. App. 2012). The applicant's previous writ, cause number 1259653-B, was dismissed on December 18, 2013, because it was also prematurely filed before the applicant's appeal was final. *Ex parte Roberson*, WR-34,388-12 (Tex. Crim. App. 2013). The mandate issued on December 17, 2013. The instant application was filed on August 4, 2015.

## II.

State denies the factual allegations made in the instant application, except those supported by official court records and offers the following additional reply:

## REPLY TO APPLICANT'S FIRST AND SECOND GROUNDS FOR RELIEF

The applicant alleges in his first and second grounds for relief that the trial court abused its discretion. In her first ground he alleges that the trial court lacked subject matter jurisdiction because her offense was a misdemeanor. *Applicant's Writ at 6*. The applicant alleges in her second ground that the trial court erred by entering an affirmative finding of a deadly weapon. *Applicant's Writ at 7*. The applicant's first ground is meritless because the applicant was charged with aggravated assault

2

which is a felony offense. TEX. PEN. CODE §22.02(b) (West 2009). With respect to the applicant's second ground for relief, the trial court did make an affirmative finding of a deadly weapon being used during the course and commission of the applicant's offense (IV R.R. at 17). The State alleged the applicant used a deadly weapon as an element of the offense. *See State's Exhibit A, Indictment, cause no. 1259653.* Additionally, an allegation regarding an improper finding that a deadly weapon has been used should be raised on direct appeal, and not initially on habeas corpus. *Ex parte Nelson,* 137 S.W.3d 666 (Tex. Crim. App. 2004). Therefore, the applicant's second ground should also be denied.

## REPLY TO APPLICANT'S THIRD GROUND FOR RELIEF

The applicant alleges in her third ground for relief that the State produced no evidence in trial or a judgment of a prior conviction involving family violence. *Applicant's Writ at 10.* The applicant's claim is meritless because the applicant was charged with charged with the offense of aggravated assault.[1] There is no requirement that the State allege or prove that the applicant had been previously convicted of assault of a family member when the State charges a person with aggravated assault. *See* TEX. PEN. CODE § 22.02(a)(1) (West 2009).

---

[1] The applicant was initially indicted for the felony offense of aggravated assault of a family member with a deadly weapon. However, the State abandoned the family member (dating relationship) language contained within the indictment by striking through it on the first day of the applicant's trial. *See State's Exhibit A, Indictment, cause no. 1259653;* (II R.R. at 4-5).

3

A claim of no evidence is cognizable on habeas, however, the reporter's record demonstrates there is sufficient evidence to support the applicant's conviction. The applicant and the complainant, Alynncia Harris, were involved in a romantic relationship and were living together at the time of this offense (III R.R. at 50-52). On the day of the offense, appellant and Ms. Harris became involved in an argument (III R.R. at 57-60). The argument became physical and appellant stabbed the complainant in the arm with a knife (III R.R. at 65-67). Furthermore, to the extent that the applicant is challenging there is insufficient evidence, a claim of insufficiency of the evidence does not state a claim for relief in habeas corpus. *Ex parte Easter*, 615 S.W.2d 719 (Tex. Crim. App. 1981). Thus, the applicant's third ground should be denied.

## REPLY TO APPLICANT'S FOURTH GROUND FOR RELIEF

The applicant claims in her fourth ground for relief that he was denied effective assistance of counsel. Specifically, the applicant alleges that her counsel, Ms. Ruth Y. Burton, was ineffective because she failed to:

1. Object at any point in the presence of the jury during the trial;

2. File a motion to dismiss the indictment due to lack of subject matter jurisdiction; and

3. Investigate the charging instrument or evidence.

4

*Applicant's Writ at 12-13.*

The United States Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), that the benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The Court in *Strickland* set forth a two-part standard, which has been adopted by Texas. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). First, the defendant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (citing *Strickland v. Washington*, 466 U.S. at 688). Reasonably effective assistance of counsel does not require error-free counsel, or counsel whose competency is judged by hindsight. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981). Second, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

Article I, Section 10 of the Texas Constitution also requires that a criminal defendant receive effective assistance of counsel. However, the Texas constitutional provision does not create a standard that is more protective of a

defendant's rights than that established in *Strickland. Black v. State*, 816 S.W.2d 350, 357 (Tex. Crim. App. 1991) (citing *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)). Therefore, an analysis of the effectiveness of the applicant's trial counsel in the primary case pursuant to the *Strickland* standard satisfies both the federal and state constitutional requirements.

Furthermore, when evaluating an ineffective assistance claim, the reviewing court looks at the totality of the representation and the particular circumstances of the case. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In reviewing counsel's performance, the court indulges a strong presumption that he acted within the wide range of reasonable professional assistance. *Id.*

The applicant's first claim of ineffective assistance is not supported by the reporter's record. Ms. Burton did object in the presence of the jury (III R.R. at 18-19, 39, 41, 48, 56, 58, 64, 90, 98-99, 137). Furthermore, the applicant fails to specify what objection(s) counsel should have made and how she was prejudiced by any such failure on Burton. To successfully assert that trial counsel's failure to object amounted to ineffective assistance, an applicant must show that the trial judge would have committed error in overruling such an objection. *Ex parte White*, 160 S.W.3d 46 (Tex. Crim. App. 2004); *Vaughn v. State*, 931 S.W.2d 564 (Tex. Crim. App. 1996). Therefore, the applicant's first claim of ineffective assistance is meritless and should be denied.

6

The applicant next claims that counsel should have filed a motion to dismiss the indictment because due to a lack of subject matter jurisdiction. The reporter's record shows that no such motion was made by Burton, however, Burton did make a motion that the State failed to meet its burden of proof as to all of the elements of the case after the State rested during the guilt stage (III R.R. at 143). The trial court denied Burton's motion (III R.R. at 143). The applicant offers no legal support that such a motion would have been granted if it had been made. Again, the applicant bears the burden of showing that the trial court would have erred in overruling the motion to dismiss and she has not shown that. *Id.* Thus, the applicant's second claim should be denied.

The applicant's last allegation of ineffective assistance of counsel is that she failed to investigate the charging instrument or the evidence. An applicant raising the claim that his counsel was ineffective for failing to investigate, he must show what a more in-depth investigation would have shown. *Mooney v. State*, 817 S.W.2d 693, 697 (Tex. Crim. App. 1991). The applicant does not show what further investigation would have revealed or how it would have been beneficial. Therefore, the applicant's last claim should be rejected.

7

## III.

Applicant raises questions of law and fact, which can be resolved by the Court of Criminal Appeals upon review of official court records and without need for an evidentiary hearing.

## IV.

Service has been accomplished by sending a copy of this instrument to the following address:

Crystal Y. Roberson
# 1915067 – Lane Murray Unit
1916 N. Hwy 36 Bypass
Gatesville, TX 76596

SIGNED this 19th day of October, 2015

Respectfully submitted,

Andrew J. Smith
Assistant District Attorney
Harris County, Texas
1201 Franklin, 6th Floor
Houston, Texas 77002
(713) 755-6657
(713) 755-5809 (fax)
Texas Bar ID #24048100

## Certificate of Compliance as Required by Tex. R. App. 73.1(f)

The State of Texas, through its Assistant District Attorney for Harris County, files this, its Certificate of Compliance in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc. Code art. 11.07 § 3. The State certifies that the number of words in the State's Answer is 1,680.

THE STATE OF TEXAS
VS.

**CRYSTAL YVETTE ROBERSON**
**12601 S GREEN #1804**
**HOUSTON, TX 77034**

SPN: 00778165
DOB: BF 08 17 66
DATE PREPARED: 7/1/2010

D.A. LOG NUMBER:1628330
CJIS TRACKING NO.:9165329163-A001
BY: LM  DA NO: 002261142
AGENCY:HPD
O/R NO: 055012410A
ARREST DATE: 04 17 10

NCIC CODE: 1314 21                    RELATED CASES:

FELONY CHARGE:  AGGRAVATED ASSAULT - Family Member
CAUSE NO: 1259653
HARRIS COUNTY DISTRICT COURT NO: 176   262
FIRST SETTING DATE:

BAIL: $NO BOND
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **CRYSTAL YVETTE ROBERSON**, hereafter styled the Defendant, heretofore on or about **APRIL 17, 2010**, did then and there unlawfully, intentionally and knowingly cause bodily injury to ALYNNCIA HARRIS, a person with whom the Defendant had a dating relationship, hereafter styled the Complainant, by using a deadly weapon, namely, A KNIFE.                    OCT 15 2010

Before the commission of the offense alleged above, (hereafter styled the primary offense), on JULY 8, 1991, in Cause Number 0590710, in the 177TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE.

Before the commission of the primary offense, and after the conviction in Cause Number 0590710 was final, the Defendant committed the felony of AGGRAVATED ASSAULT and was finally convicted of that offense on AUGUST 28, 1989, in Cause Number 475567, in the 232ND DISTRICT COURT of HARRIS County, Texas.

**FILED**
Loren Jackson
District Clerk

JUL 06 2010

Time: _____12:01 PM_____
Harris County, Texas
By _____ NLO
Deputy

Foreman
_____ 180th

AGAINST THE PEACE AND DIGNITY OF THE STATE.

STATE'S
EXHIBIT
A
PENGAD 800-631-6989

FOREMAN OF THE GRAND JURY

INDICTMENT

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

THE STATE OF TEXAS
VS.

**CRYSTAL YVETTE ROBERSON**
**12601 S GREEN #1804**
**HOUSTON, TX 77034**

SPN: 00778165
DOB: BF 08 17 66
DATE PREPARED: 7/1/2010

D.A. LOG NUMBER:1628330
CJIS TRACKING NO.:9165329163-A001
BY: LM  DA NO: 002261142
AGENCY:HPD
O/R NO: 055012410A
ARREST DATE: 04 17 10

NCIC CODE: 1314 21          RELATED CASES:

FELONY CHARGE:  **AGGRAVATED ASSAULT - Family Member**
CAUSE NO: 1259653
HARRIS COUNTY DISTRICT COURT NO: 178  262
FIRST SETTING DATE:

BAIL: $NO BOND
PRIOR CAUSE NO:

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **CRYSTAL YVETTE ROBERSON**, hereafter styled the Defendant, heretofore on or about **APRIL 17, 2010**, did then and there unlawfully, intentionally and knowingly cause bodily injury to ALYNNCIA HARRIS, a person with whom the Defendant had a dating relationship, hereafter styled the Complainant, by using a deadly weapon, namely, A KNIFE.

Before the commission of the offense alleged above, (hereafter styled the primary offense), on JULY 8, 1991, in Cause Number 0590710, in the 177TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE.

Before the commission of the primary offense, and after the conviction in Cause Number 0590710 was final, the Defendant committed the felony of AGGRAVATED ASSAULT and was finally convicted of that offense on AUGUST 28, 1989, in Cause Number 475567, in the 232ND DISTRICT COURT of HARRIS County, Texas.

# FILED
Loren Jackson
District Clerk

JUL 06 2010

Time: _____12:01 PM_____
Harris County, Texas
By _____ NLO
Deputy

Foreman

_(signature)_ 180th

AGAINST THE PEACE AND DIGNITY OF THE STATE.

FOREMAN OF THE GRAND JURY

Certified Document Number: 45740700 - Page 1 of 1

STATE'S
EXHIBIT
B
PENGAD 800-631-6989

INDICTMENT

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 19, 2015

Certified Document Number:        45740700 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Cause No. 1259653-C

| | | |
|---|---|---|
| EX PARTE | § | IN THE 262ND DISTRICT |
| | § | COURT OF |
| CRYSTAL Y. ROBERSON,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

Having reviewed the documents filed in cause number 1259653-C and the official trial court records of the challenged conviction, The Court adopts as Findings of Fact the history of the case as set forth in the State's Original Answer. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the relief requested be denied for the following reasons:

## FINDINGS OF FACT

1. The Court finds that the applicant was initially indicted for the felony offense of aggravated assault against a family member. *See State's Exhibit B, Indictment, cause number 1259653.* On the day that trial commenced the State abandoned the language that alleged the applicant and the complainant had a dating relationship. *See State's Exhibit A, Indictment, cause number 1259653.*

2. The Court finds that after a two day trial the applicant was convicted of the felony offense of aggravated assault. The presiding judge at the time, the Honorable Mike Anderson, found that the offense was committed against a family member and that a deadly weapon was used (IV R.R. at 17). The Court finds that the jury assessed the applicant's punishment at thirty years confinement in the Texas Department of Criminal Justice – Correctional Institutions Division.

3. The Court finds that the applicant's conviction was affirmed by the First Court of Appeals. *Roberson v. State*, 371 S.W.3d 557 (Tex. App. – Houston [1st Dist.] 2013, pet. granted). The Court of Criminal Appeals granted the applicant's petition for discretionary review and subsequently affirmed the applicant's conviction. *Roberson v. State*, 420 S.W.3d 832 (Tex. Crim. App. 2013).

4. The Court finds that the applicant's two prior applications for writ of habeas corpus were dismissed on May 9, 2012, and December 18, 2013, respectively, because they were filed before the applicant's appeal was final. The applicant's appeal became final when the mandate issued on December 17, 2013.

5. The Court finds that the State presented sufficient evidence to support the applicant's conviction.

6. The Court finds that the applicant was represented by appointed counsel, Ms. Ruth Y. Burton ("Burton").

7. The Court finds, contrary to the applicant's assertion, that Burton objected numerous times during the applicant's trial (III R.R. at 18-19, 39, 41, 48, 56, 58, 64, 90, 98-99, 137).

## CONCLUSIONS OF LAW

1. The Court had jurisdiction over the applicant's case because she was charged and convicted of the felony offense of aggravated assault. Tex. Pen. Code § 22.02(b) (West 2009).

2. The applicant's second ground for relief is meritless because her complaint of an improper deadly weapon finding should have been raised on direct appeal. *Ex parte Nelson*, 137 S.W.3d 666 (Tex. Crim. App. 2004).

3. Challenges to the sufficiency of the evidence are not cognizable in post-conviction habeas proceedings. *Ex parte Easter*, 615 S.W.2d 719 (Tex. Crim. App. 1981); *Ex parte Christian*, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988). Applicant's first, second, third, fifth, sixth, and seventh grounds for relief are without merit.

4. The applicant has failed to prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

2

5. The applicant fails to allege what objection(s) that Burton should have made. Further, the applicant has not shown that the trial judge would have committed error in overruling any objection had it been made. *Ex parte White*, 160 S.W.3d 46 (Tex. Crim. App. 2004); *Vaughn v. State*, 931 S.W.2d 564 (Tex. Crim. App. 1996).

6. The applicant fails to allege and show what a more thorough, in-depth investigation would have revealed and how it would have benefitted his defense. *Mooney v. State*, 817 S.W.2d 693, 696-97 (Tex. Crim. App. 1991); *Wilkerson v. State*, 726 S.W.2d 542, 550 (Tex .Crim. App. 1986).

7. The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of trial counsel.

8. In all things, Applicant fails to show that his conviction and sentence were improperly obtained.

Accordingly, it is recommended to the Texas Court of Criminal Appeals that the requested habeas relief be denied.

## ORDER

THE CLERK IS ORDERED to prepare a transcript and transmit same to the Court of Criminal Appeals as provided by TEX. CRIM. PROC. CODE art. 11.07. The transcript shall include certified copies of the following documents:

1.  the application for writ of habeas corpus, and any additional pleadings filed by the applicant;

2.  State's answer and all attachements;

3.  the Court's order;

4.  the indictment, judgment and sentence, and docket sheets in cause number 1259653 (unless they have been sent to the Texas Court of Criminal Appeals pursuant to a post-conviction writ of habeas corpus order);

5.  the clerk's & reporter's record in cause number 1255963; and

6.  the appellate opinions in cause number 1259653.

THE CLERK is further ORDERED to send a copy of this order to the applicant, Crystal Y. Roberson, # 1915067 – Lane Murray Unit, 1916 N. Hwy 36 Bypass, Gatesville, TX 76596; and to the State, Assistant District Attorney Andrew J. Smith, Harris County District Attorney's Office, 1201 Franklin Suite 600, Houston, Texas 77002.

**By the following signature, the Court adopts
the State's Proposed Findings of Fact, Conclusions of Law and Order.**

SIGNED this _____ day of _____, 2015.


_____
JUDGE PRESIDING

4

Cause No. 1259653-C

| | | |
|---|---|---|
| EX PARTE | § | IN THE 262ND DISTRICT |
| | § | COURT OF |
| CRYSTAL Y. ROBERSON,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that I have served a copy of the "State's Proposed Findings of Fact, Conclusions of Law, and Order" in cause number 1259653-A to the applicant on October 20, 2015, by mail as follows:

Crystal Y. Roberson
# 1915067 – Lane Murray Unit
1916 N. Hwy 36 Bypass
Gatesville, TX 76596


Andrew J. Smith
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar ID #24048100

5